## LACROIX v. MACQUART, GERIN AND DUCOMMUN.(*a*)

March 26, 1836.

### *Trial by inspection.*

The plaintiff, upon payment of costs, may discontinue after interlocutory judgment, but before a writ of inquiry has been executed, without leave of the court.

The court have the right to set aside such discontinuance, if the circumstances under which it is entered are such as render it manifestly unjust and injurious to the defendant.

THIS case came up for trial by inspection of the record, upon the plaintiff's replication of *nul tiel record.*

The pleadings, so far as it is necessary to state them in order to comprehend the point decided, consisted : 1. Of a judgment obtained October 16th, 1829, *by confession* of all the defendants, viz. : *Antoinette Macquart, Henry Ducommun* and *Stephen Gerin,* in an action of debt brought in the name of the Commonwealth of Pennsylvania, for the penalty of an administration bond entered into by Mrs Macquart, as administratrix, &c. of Thomas Macquart deceased, with Ducommun and Gerin as her securities.   This judgment is merely cautionary, agreeably to the provisions of the 15th section of the act of assembly of March 27th, 1713.   2. A *scire facias* on this judgment issued to December term 1829, on which a *judgment by default* was obtained December 21st, 1829, and a *discontinuance* of this *scire facias* entered by the plaintiff's attorney in the prothonotary's office May 9th, 1835.   3. Another *scire facias* on the original judgment of October 16th, 1829, was sued out in the name of the said Lacroix, on the 6th of August 1834, to which the defendants, Mrs Macquart, under the name of Antoinette Petit, wife of Anthony Petit, and Mr Ducommun, appeared by attorney ; but Gerin made default, and a

(*a*)  See a branch of this case referred to in this report, *ante page* 42.

[Lacroix v. Macquart et al.]

judgment against him was accordingly entered on the 6th of September 1834. Afterwards, to wit, October 2d, 1834, Mrs Macquart pleaded her *coverture* to Anthony Petit; and on the 20th of October 1834, Ducommun filed a plea in abatement of the *scire facias*, on account of Mrs *Macquart's* coverture. On the 28th of November 1834, the plaintiff replied to these pleas by confessing the coverture, and thereupon entered a *nolle prosequi* as to Mrs Macquart. 4. On the 12th of May 1835, (three days after the plaintiff had discontinued his *first scire facias*) *Ducommun's* attorney asked leave to withdraw his pleas of the 20th of October, and substitute for them: first, *a plea of former recovery*, viz., the judgment by default of the 21st of December 1829, on the *first scire facias*; and second, a plea of Mrs Macquart's *coverture*, intended to be a *plea in bar.*

The application to withdraw the pleas of the 20th of October 1834 was granted, and leave given to file the plea of former recovery, but the plea of Mrs Macquart's coverture was rejected.

5. To this plea of *former recovery* the plaintiff pleaded "*nul tiel record.*"

*Troubat* and *F. W. Hubbell,* for the plaintiff, contended, that the defendant's plea of *former recovery* was not sustained by the record. The judgment by default of the 21st of December 1829, on the first *scire facias,* was an interlocutory, not a final judgment, and no writ of inquiry to assess the damages had been executed. It was competent to the plaintiff in this state of the case, to discontinue his action. There was, then, no judgment in existence to support the plea.

*Meredith, contra,* contended, that the discontinuance was a nullity, it having been entered by the plaintiff without notice to the defendants, and *without leave of the court* for that purpose first obtained. He cited, *Tidd, Archbold,* and *Sellen;* and Mechanics Bank *v.* Fisher, 1 *Rawle* 343.

The opinion of the Court was delivered by
    STROUD, J.—The only point for inquiry is, whether the defendant's plea of *former recovery* is sustained by the record. He alleges that it is, on the ground that the *discontinuance* of the 9th of May 1835 was without the sanction of the court—a mere entry by counsel in the prothonotary's office.

At the time of the *discontinuance*, interlocutory judgment had been obtained, but no steps had been taken to ascertain the damages.   A writ of inquiry had *not* been sued out.   Was it competent to the plaintiff's attorney in this stage of the proceedings, to repair to the prothonotary's office, get a taxation of the costs there, and without application to the court, on payment of these, to discontinue the *scire facias*?   We are of opinion it was.   It is every day's practice to do so in any stage of the cause, previous to the signing of judgment. And it is plain from the books of practice in the English courts, that an action may be discontinued by the plaintiff after *interlocutory* judgment, but before a writ of inquiry has been *executed*.   2 *Archbold's Prac.* 208 ; 2 *Sellon's Prac.* 335.   A *rule* for discontinuance, however, is necessary there in all cases ; but this may be a "*side-bar* rule, which is of course before verdict or argument on demurrer or *execution of inquiry.*"   *Ibid.*   And the only purpose of this requisition is the *taxation of costs* ;  a matter of great moment there, as is well known to every one at all conversant with their practice, but of none with us, since the only fees allowed by our laws are specially fixed by act of assembly, and can be ascertained by the prothonotary at once by inspection of his docket.   In England, it is deemed of so much advantage to the defendant's attorney to be present at the taxation, preliminary to a discontinuance, that by the rule in the common pleas, the plaintiff is under the necessity of repeating the service of notice on the defendant's attorney of the time appointed for taxation no less than *three* times, according to *Sellon*, before the prothonotary will consider him in neglect, so as to proceed to the taxation without his attendance.   *Ibid.*   With us a similar rule would be preposterous ; no notice to the defendant's attorney is required ; but the prothonotary makes out the bill of costs silently, by a recollection of the fee bill, and an examination of his docket entries in the particular action.

The Mechanics Bank *v.* Fisher, 1 *Rawle* 343, has been relied upon as authority contravening the position that a *discontinuance* may be effected on payment of costs, without application to the court ; and without doubt an opinion of considerable length is reported there in which it is attempted to be shown that it is not consonant with our law to permit a *discontinuance* without leave of the court.   This however was not a point in the cause, and according to the declared doctrine of that court, is to be regarded merely as the *dictum* of the individual who expressed it.   Hickman *v.* Caldwell, 4 *Rawle* 380.

[Lacroix v. Macquart et al.]

Two cases are referred to in the Mechanics Bank v. Fisher, in support of the extra-judicial discussion there on the subject of discontinuance. The first is Brown v. Fox, 2 *Yeates* 530, in which the court say: "*regularly*, there can be no discontinuance without leave of the court." The other case is Pollock v. Hall, 3 *Yeates* 42, in which the same doctrine is again enumerated. It is plain, however, from an examination of the whole scope of these opinions, that it was not intended to impugn the practice of entering discontinuances in the prothonotary's office without application to the court, *but merely to assert the right of the court to set aside* a *discontinuance so entered*, if the circumstances under which it was entered were such as rendered it manifestly unjust and injurious to the defendant. With this qualification we have no disposition to question the soundness of the principle. In the present case there is no allegation of *injury* to the defendants by the discontinuance. *One* only of the *three*, has objected to it; and his objection is restricted to a negation of its legality. We consider therefore the discontinuance of the 9th of May 1835 as regularly effected, and consequently the defendant's plea of *former recovery* is not sustained by the record.

Judgment for the plaintiff.

*Trial by inspection.*

