*Third Judicial District.*

## In the Court of Common Pleas of Lehigh County.

------

## BALLIET *et al. v.* ALLENTOWN SCHOOL DISTRICT.

Upon the continuance of a cause the party obtaining it must pay the costs of the term as a condition precedent, unless the primary cause of it be occasioned by his adversary.

Where a party materially changes his pleadings so as to create good cause for surprise, and surprise is alleged, and a continuance is allowed, the costs of the term will fall upon him who has changed the pleadings.

**Sur rule to show cause why the plaintiffs shall not pay the costs for June term, 1872.**

Opinion by the court,

LONGAKER, P. J. The plaintiffs declared upon a written contract for the erection of a school-house, and added a count for extra work as well as the common counts in *assumpsit.* The defendant, after plea filed, ruled the plaintiffs (as provided by a rule of court) to file a bill of particulars. May 31, 1872, a bill of particulars was filed, alleging that the entire work was done by the day, and enumerating the number of days

and the price of work per day. June 13, 1872, the cause was called for trial, and thereupon the defendant demurred to the bill of particulars, upon the ground that it was in conflict with the *narr*, and that it did not specify the extra work done, nor where and when done. The demurrer was sustained. The plaintiffs were then allowed to amend the bill of particulars, as well as their pleadings, by alleging a recession of the written contract, and declaring that the whole work was done for *quantum meruit*. On account of this amendment the defendant alleged surprise. The court were of the opinion that the plea of surprise was good, and allowed a continuance without making any disposition of the costs for the term. At a subsequent term the above rule was entered by the defendant.

It is a well settled practice that, upon the continuance of a cause, the court will usually require the party asking it to pay the costs of the term, and these costs will not be refunded in case he shall ultimately prevail; Brightly on costs, p. 92. It seems to be equally well established that he who, by reason of some cause, not produced by his adversary, is allowed a continuance, must pay the costs as a condition precedent: Ewing *v.* Byers, 2 Yates 128. Such cause may be the absence of a material witness who could not have been subpœnaed by using proper diligence, or the witness may have been subpœnaed, but does not attend on account of sickness, or from some other legal cause; or the ground of the continuance may be the sickness of the party litigant, or it may arise from some one of the other many causes which will afford good reason for a continuance. These causes frequently arise from circumstances entirely beyond the control of the party asking for and to whom the continuance is allowed; and yet, while he obtains this indulgence, it is his misfortune to be compelled to pay the costs of the term.

An amendment of the pleadings in a material part is usually held to be good cause for surprise; and a party surprised is entitled to a continuance; and although he who is surprised seeks the continuance, he is an exception to the rule—that he who asks a continuance must pay the costs of the term as a condition precedent. The reason for this exception is, that the primary cause for the continuance from which the surprise originated has been occasioned by the party who has amended the pleadings. If there had been no amendment, no surprise or cause for a continuance on such ground would have arisen. This exception operates with no greater hardship than where a continuance occurs either from the sickness of a witness or the sickness of a party litigant. The reasons for the rule and the exception are *pari passu*.

An allegation of surprise and a continuance therefor is analogous to that stage in an action where the plaintiff, of course, or by reason of some mistake in the pleadings, suffers non-suit, or asks or takes a discontinuance; or it may be likened to a proceeding in equity, where the

complainant, by reason of some omission in his bill, seeks to remedy the defect by an amendment; and in such cases it has been held that the plaintiff must pay the costs. In Porter *v.* English, district court of Allegheny, 1 T. & H. Pr. 87, it is held: "In a bill in equity, after answer, the plaintiff will be allowed to amend his bill on paying the costs occasioned by such amendment." So, after demurrer, general or special, it is usual to give the adverse party leave to amend upon the payment of the costs; Archibold's Pr., 234; 1 Peters, 443; 1 T. & H., Pr. 426. So also a writ of execution may be amended upon the payment of the costs; 3 T. R. 657; 2 T. & H. Pr., 577. When the plaintiff finds he has misconceived his action, sued a wrong party, or for some defect in the pleadings or for some other reason he will not be able to maintain it, he may, with some exceptions, enter a discontinuance on the payment of the costs; but no discontinuance will be allowed until the costs are paid; 1 T. & H. Pr., 412–415; Lacroix *v.* Marquart, 1 Miles 156. A plaintiff has been allowed to discontinue upon the payment of the costs, even after demurrer argued and allowed, when there was a mistake in the pleadings; Archibold's Pr.,234; 2 Lev. 124–209; 1 Saunder's, 23. The court now usually gives the party leave to amend upon the payment of the costs; 2 Saunder's, 73,

The case at bar is to be viewed in this light: The defendant being sustained in its demurrer to the bill of particulars, the plaintiffs conceived it to be necessary to amend their pleadings; and the amendment was so radical as to require a very different line of defence from the cause of action first declared upon. By the amended pleadings the written contract was alleged to have been rescinded, and the cause was to proceed upon the allegation that the work was done for *quantum meruit*, and not specifically upon the written contract, as first declared upon, with a count claiming for extra work. If the plaintiffs, after demurrer sustained, had felt assured that they could not maintain their action, it became optional for them to discontinue, to suffer non-suit, or to amend. Had either of these first two remedies been selected, then subjection to the payment of the costs would have followed. Their pleadings, however, were amendable, and, because they availed themselves of the latter remedy rather than either of the former remedies, there arises no good cause to relieve them from the payment of the costs for the term. The authorities cited abundantly warrant the opinion that the costs of the term should be paid by the plaintiffs.

The rule is, therefore, made absolute.

Messrs. *Stiles* and *Erdman*, for plaintiffs; Messrs. *Runk* and *Harvey*, for defendant.