## City of Allentown *versus* Hower.

1. Where the registration of a lien for water taxes recites neither the location nor the description of real estate, it is defective and insufficient to support a scire facias.

2. Registration, for the purpose of notice, as well as remedy, should contain at least a brief description, including location, of the property assessed, giving the name of the owner or reputed owner, the amount of the assessment, its date and for what assessed.

3. To make a proceeding by scire facias available it is necessary that the property, against which the lien is sought to be enforced, should be designated with such certainty as to enable the sheriff to execute the levari facias, but it is unnecessary to conform strictly to all the requisites of a mechanic's lien. The name of the contractor or material man need not be given, nor is a bill of particulars necessary.

4. The Act of April 21st 1858 is a general act under which amendments are allowable. Such acts are to be liberally construed, and while amendments are not matter of right, they should be allowed where it can be done without prejudice to intervening rights.

March 1st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, of *Lehigh county:* Of January Term 1880, No. 67.

Scire facias sur municipal claim by the City of Allentown against Harrison Hower for water-frontage tax.

The City of Allentown was incorporated under a special act of Assembly, approved March 12th 1867. On September 8th 1874, the city surrendered its charter, and accepted the provisions of the act entitled "An Act dividing the cities of this State into three classes," &c., approved May 23d 1874. In the year 1875, the water commissioners of the city passed a resolution providing for the extension of the water-pipes of Allentown. In pursuance of said resolution, during the year 1875, the water-pipes were laid along Walnut street in front of the premises of the defendant, and the number of feet of main pipe laid through said street was filed in the department. At the same time the clerk of the said department made out a list of the owners of all the houses, lots and buildings on each side of said street, and charged each of said owners such rate per foot as had been fixed by ordinance. The tax was then placed in the hands of the city treasurer for collection, and the names of such persons as had not paid the tax within six months were handed over by the city treasurer to the city solicitor, who, in January 1876, had said amount of taxes registered against the parties who had refused to pay. On March 8th 1876 a scire facias was issued by the city solicitor, upon which scire facias judgment was entered May 6th 1876. On April 29th 1876, the court granted a rule on plaintiff to show cause why the writ of scire facias, sur lien No. 1011, should not be quashed. On July 3d 1876, the court (Judge Longaker then presiding) quashed all the

[City of Allentown v. Hower.]

proceedings had upon said scire facias. On the 13th of January 1879, a rule was granted upon the plaintiff to show cause why the lien for the tax should not be stricken off; and July 8th 1879, a rule was taken by the present city solicitor to show cause why lien should not be amended as per petition filed. The rule to amend and the rule to strike off the lien were argued together, on October 10th 1879. On the 24th of October 1879, the court, Albright, P. J., made the rule to strike off the lien absolute, and discharged the rule, in an opinion, inter alia, saying:

"It is well known, that lots in an incorporated city are liable to various charges. It would have been equally convenient to have provided, that the books in the proper office of the city government, should furnish the information as to whether or not certain charges had been paid. It is hardly necessary to multiply arguments on this point. The claim filed in the prothonotary's office, is enforcible by an action of debt or by scire facias, as in the case of a mechanic's lien. If the proceeding is by sci. fa. it is a proceeding *in rem*. But so far as the record of this claim is concerned, where is the thing which is proceeded against? Nothing can be included in a scire facias except what the record shows; that is, the matters contained in the claim filed. The levari facias must follow the sci. fa., or it must command the levying of the debt from the land or a portion thereof, which the record shows is subject to the said debt.

"These claims should contain all the matters essential to constitute a valid claim under the mechanic's lien laws; dates, amounts, names of owners, description of ground charged, &c. It has been said often, that where an extraordinary remedy is given by statute, which is in derogation of the right of the parties at common law, such as claims for work or materials, for wages, &c., the statutory provisions must be strictly pursued.

"The form of claim which the city solicitor seeks to substitute for the one first filed, seems to be such as the law contemplates. But there is nothing to amend by. The very substance of a valid claim is wanting, *i. e.*, the thing to which it is to attach.

"It has been intimated, that even if the claim filed is insufficient to support a sci. fa., that it might stand as a foundation for an action for debt. This position is not tenable. The purpose of the statute is, that the claim shall be such as will support a proceeding in either form."

The city took this writ and alleged, that the court erred in striking off the lien as asked for by the defendant; and, in not allowing the amendment prayed for by the plaintiff.

*R. E. Wright, Jr.* and *J. M. Kessler*, City Solicitor, for plaintiff in error.—The court below erred, when it decided that the registry of the tax which Harrison Hower owes the city of Allentown, was not such a registry as was contemplated by the Act of

[City of Allentown *v.* Hower.]

May 23d 1874; and in deciding, that before a city tax can become a lien upon real estate situate within its bounds, the city must file a lien in the nature of a mechanic's lien. Should we be wrong in this position and the court below right, it is contended, that the court below erred in saying, that the registration could not be amended under the Act of April 21st 1858, which indubitably gives that right of amending; and in applying the same close discrimination and strict laws of interpretation in the construction of the charter, made for the benefit of a municipality, that are wont to be used in determining the meaning of laws applying only to individuals.

*Edward Harvey*, for defendant in error.—The registry shows the name, date and amount; but no location—no street—no ward —and it does not show that any pipes were laid along the property. If the sheriff could not find the lot to levy upon, except by conjecture, how could a judgment be entered in the proceeding that would enable him to sell it?

The lien was fatally defective: City *v.* Wood, 4 Phila. 156; Pittsburgh *v.* Cluley, 16 P. F. Smith 449; Commissioners *v.* Flanigan, 3 Phila. 458.

The right to amend, is based on section 9 of the Act of April 21st 1858, Pamph. L. 385. That act is supplementary to the act incorporating the city of Philadelphia. The preamble, and seven sections of the act refer, in terms, to that city alone. Section 9 refers to "municipal claims" without limiting them to any particular city. The amendment was a matter of grace not of right. But there was nothing to amend by. The lien, as filed, had none of the essential elements of a lien *in rem*.

A mechanic's lien cannot be amended after the statutory period for filing it: Dearie and Wife *v.* Martin, 28 P. F. Smith 55; Russell *v.* Bell, 8 Wright 47. Nor can it be amended by an alteration of the description of the premises: Armstrong *v.* Hallowell, 11 Casey 485.

Mr. Justice STERRETT delivered the opinion of court, May 3d 1880.

The claim against the defendant was for " water-frontage tax " regularly assessed for water-pipe laid in front of his property on the south side of Walnut street. The tax, not having been paid within the time required, was registered in the city lien docket; but the defendant contends that the registration was so fatally defective that the court was right in striking off the claim.

The municipal corporation act, providing, among other things, for extending the supply of water, requires the clerk of the department to make a list of all the owners of houses, lots and buildings on each·side of the street through which water-pipes are extended,

[City of Allentown *v.* Hower.]

and charge each respectively such rate per foot front as may be
fixed by ordinance. The charge so made is to be collected as city
taxes, and if not paid within the time prescribed, the same shall
be registered in the manner provided for registering unpaid city
and school taxes on real estate, with like force and effect as to lien
against such property, and subject in all respects to like mode of"
procedure and remedy for recovery of the same : Purd. Dig. 1925,
pl. 144–45. The 36th section of the act, providing for the annual
levy and collection of city taxes, directs the treasurer to receive and
collect taxes until and including the first day of January, after
which he shall furnish a correct and detailed statement of delin-
quent taxes respectively due upon real estate to the city solicitor,
who shall cause the same to be registered on *the city lien docket* in
the prothonotary's office, in the name of the city and against the
person or persons charged therewith ; and all taxes so registered
shall be and continue to be liens on the real estate upon which they
have been assessed for the term of five years from the date of the
levy : Purd. Dig. 1916, pl. 96–7. The next section provides that
recovery may be had on claims for taxes, water-frontage tax, &c.,
in the Court of Common Pleas, " by action of debt \* \* \* or by
scire facias, as in the case of mechanics' claims ;" and the claims
so registered shall be prima facie evidence of the amount thereof,
and of the same being due and owing, &c.

While no particular form is prescribed, the registration should,
for the purpose of notice as well as remedy, contain at least a brief
description, including location, of the property assessed, corre-
sponding with that which the clerk of the department is required
to make when frontage tax is assessed, giving the name of the
owner or reputed owner, the amount of the assessment, its date and
what it was for. If the claim is for " water-frontage tax," it may
be designated by that name as the act provides. If these matters
are briefly noted in the claim, the registration will furnish at least
constructive notice to purchasers and subsequent encumbrancers of
the nature, extent and duration of the lien. One of the remedies
given is a proceeding purely *in rem*, by scire facias, as in the case
of mechanics' claims. To make this available, it is necessary that
the property against which the lien is sought to be enforced should
be designated with such certainty as to enable the sheriff to execute
the levari facias ; but it is unnecessary to conform strictly to all
the requisites of a mechanic's lien. The name of the contractor
or material-man need not be given, nor is a bill of particulars, &c.,
necessary. In Pittsburgh *v.* Cluley, 16 P. F. Smith 449, it was
said that the mechanics' lien act furnished only a general and not
a specific rule of proceeding. The special act under consideration
in that case required the lien to be " filed in the same manner as
mechanics' liens," and authorized writs of scire facias and levari
facias to " be issued thereon as in the case of mechanics' liens,"

[City of Allentown *v.* Hower.]

and yet it was there shown to be unnecessary, and in some respects impossible, to conform to all the requirements of the mechanics' lien law. The municipal corporation act contains no such binding directions as to how the claim shall be registered, nor does it require that it should be even in the form of a mechanic's claim. It simply directs that the claim shall be registered, and provides that one of the remedies for its collection may be " by scire facias, as in the case of mechanics' claims." The manner of assessing or charging water-frontage tax is specially prescribed, as we have seen. The amount of the claim against each particular lot is thus fixed and determined, and hence it is unnecessary to set forth the particulars in detail. The claim, however, should be stated with such certainty and precision as to answer the purpose of notice, and at the same time support the proceeding that is authorized as one of the remedies for enforcing payment.

The court was clearly right in holding that the claim as registered was defective and insufficient to support a scire facias, &c.; but under the ninth section of the Act of April 21st 1858, Purd. Dig. 70, pl. 5, which the court properly held to be a general law, we think it was amendable, and an amendment should have been allowed. That section provides, " that municipal claims for taxes, liens, public assessments or charges may be amended at any time before or at the trial, on notice given the defendant under rule of court, *Provided*, that if made on the trial, a continuance may be granted by the court on the application of the defendant." Such acts as this should be liberally construed, and while amendments are not a matter of right, they should be allowed where it can be done without prejudice to intervening rights. So far as appears there were none in this case. The assessment of water-frontage tax against the defendant's property, which was no doubt made as directed by the act, would furnish all the data necessary for the amendment.

The order of court striking the claim from the record is reversed and set aside, the rule to amend reinstated, and record remitted for further proceedings.