## Commonwealth, for use, Appellant, *v.* Reiser.

*Practice (Supreme Court)—Appeal nunc pro tunc from magistrate.*

An appeal does not lie to the Supreme Court from an order of the common pleas making absolute a rule for an appeal nunc pro tunc from a magistrate. Such a case can only be considered by the Supreme Court upon the certiorari.

Argued Jan. 18, 1892. Appeal, No. 69, Jan. T., 1892, by plaintiff, the Commonwealth, for the use of Philadelphia County and Eastburn Reeder, agent of the Dairymen's National Protective Association, from order of C. P. No. 4, Phila. Co., June T., 1891, No. 1081, making absolute a rule for an appeal nunc pro tunc from a magistrate.

Appeal nunc pro tunc from the judgment of a magistrate. The facts appear by the opinion of the Supreme Court.

*Error assigned* was the allowance of the appeal nunc pro tunc.

*Luther S. Kauffman, Charles F. Warwick* and *Wayne Mac-Veagh* with him, for appellant.

*Henry R. Edmunds,* for appellee.—The Supreme Court cannot review the order of the common pleas, allowing the appeal nunc pro tunc. Building Asso. v. Hoagland, 87 Pa. 326; Kendrick v. Overstreet, 3 S. & R. *357; Barclay v. Colwell, 4 W. & C. 440; White v. Leeds, 51 Pa. 187; Gardner v. Lefevre, 1 P. W. 73; Com. v. Eichenburg, 21 Atl. Rep. 258.

PER CURIAM, February 1, 1892.

The only specification of error is, that the court below erred in allowing an appeal nunc pro tunc. A suit had been commenced against the defendant before the magistrate of court No. 9, of the city of Philadelphia, to recover the penalty of $100 prescribed by the act of 1885, for the sale of oleomargarine. The magistrate gave judgment for the commonwealth on July 6, 1891. On Aug. 4, 1891, the court below granted a rule for an appeal nunc pro tunc, which rule was subsequently made absolute. We do not think an appeal lies to this court in such cases, and we can only consider this case upon the certiorari. The record merely shows the allowance of the appeal, without the reasons which influenced the court below in making the order. As such order was the exercise of the recognized equity power of the court, we find no ground of reversal.

Affirmed.