# Leonard Yost, Appellant, *v.* A. Davison.

*Appeals—Interlocutory orders—Practice, Superior Court.*

Appeals should not be resorted to when the effect is to bring cases into the appellate courts by instalments. Such practice is attended with obvious disadvantages and unnecessarily delays final disposition.

An appeal from the order of the common pleas allowing an appeal nunc pro tunc from the judgment of a justice is an appeal from an interlocutory order and as such will be quashed.

Argued April 28, 1897.    Appeal, No. 121, April Term, 1897, by plaintiff, from order of C. P. No. 2, Allegheny Co., Jan. T., 1897, No. 82, making absolute rule to grant an appeal from alderman nunc pro tunc.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Appeal quashed.

Petition and rule to show cause why an appeal from judgment of an alderman should not be allowed nunc pro tunc.

The facts sufficiently appear in the opinion of the court.

The court below made the rule absolute.    Plaintiff appealed.

*Error assigned* was making absolute the rule to show cause why an appeal should not be allowed nunc pro tunc.

*T. C. Jones,* for appellant, cited Act of May 18, 1871, P. L. 938 ; Ward v. Letzkus, 152 Pa. 318.

*Geo. A. Sturgeon,* with him *J. R. Henderson,* for appellee.

OPINION BY SMITH, J., July 23, 1897 :

A judgment was entered in this case before an alderman on October 2, 1896.    The defendant appealed therefrom on the following day, but did not file a transcript in the court of common pleas on or before the next return day (October 5), as required by the act of May 18, 1871.    After an execution had been issued and within twenty days from the entry of the judgment the defendant applied to the court below for a rule on the plaintiff to show cause why the appeal should not be allowed nunc pro

tunc, and thus overcome the effect of the failure to perfect the appeal on or before the return day. The rule was granted and after hearing was made absolute. From the order making that rule absolute the plaintiff has taken this appeal.

Without passing on the question whether the allowance of an appeal nunc pro tunc is not within the equitable discretion of the court of common pleas and therefore not reviewable, unless an abuse of discretion be shown (Com. v. Reiser, 147 Pa. 342), we are of opinion that the order complained of is at most but interlocutory from which no appeal lies to this court. Except when expressly given by statute an appeal lies only to a definitive decree or judgment such as finally determines the action. And it requires no argument to show that the order in the present case does not put an end to the suit, or preclude either party from its due prosecution. . It is clearly an interlocutory order and therefore is not in itself the subject of an independent appeal: Kendrick v. Overstreet, 3 S. & R. 356; Gardner v. Lefevre, 1 P. & W. 73; Com. v. Reiser, supra; Wooden Ware Co. v. Howe, 164 Pa..85. As was said in Transit Co. v. Pipe Line Co., 180 Pa. 224, " A decree is not final within the meaning of the act conferring appellate jurisdiction unless upon its affirmance nothing remains but to execute it."

While it is true that in Ward v. Letzkus, 152 Pa. 318, in an appeal from a similar order, the Supreme Court passed upon the question of the power of the common pleas to allow an appeal nunc pro tunc where the appellant had failed to file his transcript within the time prescribed by the statute, the inconclusive character of the order appealed from was not raised or considered. There was no appearance for the appellee and the case was submitted on the argument and paper-book of the appellant, and there is nothing to indicate that the attention of the court was called to the state of the record. It is not to be presumed that the Supreme Court would lightly disregard the well-established distinction between interlocutory and final decrees, by which the jurisdiction of the appellate courts is so frequently determined, or thus summarily overturn a very important rule of practice without discussion. That there was no intention of doing so is manifest from the fact that the rule has since been enforced by that tribunal in several cases where the facts were quite similar, and the governing principles of law the same as

those in Ward v. Letzkus, supra, which is cited and relied upon by the appellant here.    Appeals should not be resorted to when the effect is to bring cases into the appellate court by instal-. ments; such a practice is attended with obvious disadvantages and unnecessarily delays their final disposition: Lauer v. Lauer Brewing Co., 180 Pa. 593.

The appeal is quashed at the costs of the appellant, and the record remitted with a procedendo.