The City of Philadelphia, to the use of William H. Achuff, John H. Little, and William P. Clement, trading as Achuff & Company, v. John W. Christman, Owner or Reputed Owner, Appellant.

*Amendments—Statutes liberally construed.*

The acts regulating amendments are to be liberally construed and an amendment will be allowed, the effect of which simply is to make clear what was imperfectly indicated.

*Appeals—Practice, Superior Court—Amendments—Municipal lien.*

An appeal does not lie from the refusal to strike off a municipal lien for the reason that there is no definitive decree, nor from an order permitting an amendment, the action being still pending.

Argued Oct. 15, 1897.   Appeal, No. 105, Oct. T., 1897, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1891, No. 48, M. L. D., making absolute a rule to amend claim.

Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Appeal quashed.

Rule to amend lien.

The claim filed was for vitrified brick paving and the essential portion of the lien was as follows: "For work done and material furnished within six months last past in paving the cartway on Atlantic Street in front of said lot of ground and premises per bill and statement rendered as follows." A rule was taken to show cause why the claim should not be amended by inserting after the words "six months last past," the following words, to wit: "between the first day of June, 1891, and the second day of July, 1891," and also by inserting opposite the charge in the bill and statement rendered the date "July 2, 1897."

The court made the rule absolute.   Defendant appealed.

*Errors assigned* were (1) In making the rule absolute.   (2) In not striking off the lien.

*A. E. Stockwell*, for appellant.

*John K. Andre*, with him *Henry F. Walton*, for appellees.

PER CURIAM, November 19, 1897:

The defendant obtained a rule to strike off the municipal lien in question.   Without formal disposition of this rule, the court permitted the lien to be amended; and although a sci. fa. upon the lien was and is still pending, the defendant appealed.   An appeal does not lie from the refusal to strike off the lien for the reason that there is no definitive decree or judgment.   When the court strikes off a lien the case is otherwise, for its action is final: Carter v. Caldwell, 147 Pa. 370.   For the same reason an appeal does not lie from an order permitting an amendment; the action being still pending.   Appeals should not be resorted to when the effect is to bring cases into appellate courts by instalments; such a practice is attended with obvious disadvantages and unnecessarily delays their final disposition: Lauer v. Lauer Brewing Co., 180 Pa. 593; Yost v. Davison, 5 Pa. Superior Ct. 469.

But as we have been pressed by the appellant to decide the questions raised by the assignments of error, we will say, that, even if the claim was defective, (a point not decided) it was not incurably so. It avers that the work was done and the materials were furnished within six months last past; the accompanying bill or statement is dated July 2, 1891; and it contains a charge of interest from that date. The effect of the amendment was simply to make clearer what, to say the worst, was only imperfectly indicated before. There was enough in the claim and bill to amend by, and the Act of April 21, 1858, P. L. 385, gave the power. "Such acts as this should be liberally construed, and while amendments are not a matter of right, they should be allowed when it can be done without prejudice to intervening rights:" Allentown v. Hower, 93 Pa. 332; Philadelphia v. Richards, 124 Pa. 303.

The appeal is quashed and the appellant directed to pay the costs.