## Commonwealth *v.* Magee, Appellant.

*Pleading—Statement of claim—Affidavit of defense—Bond.*

To entitle a plaintiff to judgment for want of an affidavit or a sufficient affidavit of defense all the essential ingredients of a complete cause of action must affirmatively appear in the statement and the exhibits which are made part thereof; the statement of the demand must be self sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim.

In an action against a surety upon a bond given by an administrator for the sole purpose of securing proper distribution of the proceeds of sale of real estate for the payment of debts, a statement of claim is insufficient to support a summary judgment which fails to aver that an award made by the orphans' court and claimed by the plaintiff, was a portion of the proceeds of such sale.

Argued Oct. 7, 1903. Appeal, No. 2, Oct. T., 1903, by defendants, from order of C. P. No. 1, Phila. Co., June T., 1902, No. 4508, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Charles J. Beckingham v. James E. Magee and Robert J. Barr. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement averred an award by the orphans' court to plaintiff of $889.70, as a creditor of the estate of Margaret Dalton, deceased; that said court had confirmed a sale of certain real estate for payment of debts; that appellant was surety on the bond then ordered; that plaintiff demanded pay-

ment of the above award, which was refused, and hence he sued
on the bond.

The affidavit of defense averred the statement was insuffi-
cient to maintain a judgment for want of a sufficient affidavit
of defense in that there was no averment that the award to
plaintiff was out of the proceeds of the realty so sold; and that
in point of fact the account filed also included rents, without
any separation, and that there was no specific award to plain-
tiff out of the proceeds of the real estate.

Plaintiff entered a rule for judgment for want of a sufficient
affidavit of defense, and the court below made the rule ab-
solute.

*Error assigned* was the order of the court.

*Alex. Simpson, Jr.,* with him *Charles L. Brown,* for appel-
lant.—As the suit is against appellant as surety for the sale of
real estate, and not on the general administration bond, it is
clear that to hold him there should be an averment that the
award to him was out of those proceeds. There is no such
averment. This alone is fatal, for unless the statement is
sufficient upon which to found a judgment, it is immaterial
what the affidavit avers, for in law there need have been none:
Gould v. Gage, 118 Pa. 559 ; Peale v. Addicks, 174 Pa. 543.

Moreover, the affidavit of defense avers that that account in-
cluded not merely the proceeds of the sale of the real estate,
but the rents thereof also, all blended together in a single ac-
count, and no separation ever made thereof, or any award out
of the proceeds of the real estate alone. This is fatal. Such
an account would not be admissible in evidence in a suit upon
the bond: Com. v. Hilger, 55 Pa. 236.

*Trevor T. Matthews,* for appellee.—The only defense that
could be interposed by the defendant in this case to the plain-
tiff's claim is the defense of payment : Commonwealth v. Gra-
cey, 96 Pa. 70 ; Commonwealth v. Ruhl, 199 Pa. 40 ; Common-
wealth v. Kean, 19 Pa. Superior Ct. 576.

OPINION BY ORLADY, J., March 14, 1904 :
This action is founded on an award of the orphans' court and

is against the principal and surety in a bond conditioned that James E. Magee should faithfully execute the trust and properly appropriate the proceeds of the sale of certain real estate of Margaret Dalton, deceased, according to the trust and decree of the court and according to law. The appeal is from the judgment entered for want of a sufficient affidavit of defense, which judgment is resisted on the ground that the statement does not aver that the award to the plaintiff was out of the proceeds of the sale of the real estate mentioned in the bond, and, further that the account of the administrator joined the rents received from the real estate with the proceeds of its sale. To entitle a plaintiff to judgment for want of an affidavit or a sufficient affidavit of defense all the essential ingredients of a complete cause of action must affirmatively appear in the statement and the exhibits which are made part thereof; the statement of the demand must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim : Gould v. Gage, 118 Pa. 559; Peale v. Addicks, 174 Pa. 543; Acme Mfg. Co. v. Reed, 181 Pa. 382.

To sustain the contention of the appellee we must infer certain facts which do not clearly appear in the opinion of the auditing judge. A calculation is necessary to ascertain the difference between the amount realized from the real estate and that for distribution under the account filed, and the manner of the application of this difference does not appear in the record. The sale of the real estate was for the payment of debts, but the application of the personal estate fund and the precedence of the claims allowed by the administrator over the one in this suit is not explained. The liability of this surety is measured by the terms of the bond, and the statement is not sufficiently clear and definite to warrant a summary judgment. Judgment reversed with a procedendo.