## Commonwealth to use, Appellant, *v.* Magee (No. 2).

*Appeals—Exceptions—Interlocutory order—Quashing appeal.*

Appeals should not be resorted to when the effect is to bring cases into the appellate courts by installments.

No appeal lies from orders discharging rules to show cause why the plaintiff should not have leave to file a second or amended statement of claim, and the defendant file a second affidavit of defense, where no exception has been taken to the orders, and the orders are in fact interlocutory and not final.

Argued Dec. 13, 1906.   Appeal, No. 203, Oct. T., 1906, by plaintiffs, from orders of C. P., No. 1, Phila. Co., June T., 1902, No. 4,508, discharging rules for leave to file an amended statement, and to compel the filing of a second affidavit of defense in case of Commonwealth to use of Charles Beckingham v. James E. Magee et al.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Appeal quashed.

Assumpsit on a bond.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were orders discharging the rules referred to in the opinion of the Superior Court.

*Trevor T. Matthews*, for appellant.

*F. S. Brown*, with him *Charles L. Brown* and *Alex. Simpson, Jr.*, for appellee.

OPINION BY MORRISON, J., March 5, 1907 :

On September 2, 1902, the plaintiff brought suit on a bond given to the commonwealth by James E. Magee, administrator,

with Robert J. Barr as surety, conditioned for the faithful appropriation of the proceeds of the sale of real estate of Margaret Dalton, deceased, for the payment of debts.

The plaintiff suggested an award made to him by the orphans' court of Philadelphia county for the amount of $889.70, with interest thereon from March 16, 1892, to be paid by defendant Magee, administrator, and his default in complying with said order of the court. Subsequently the court of common pleas gave judgment against the defendants for want of a sufficient affidavit of defense. From this judgment Robert J. Barr appealed to this court and it was reversed because the plaintiff's declaration did not sufficiently aver that the orphans' court awarded the money to the plaintiff out of the proceeds of the sale of the real estate. The bond, sued on, was only given to secure the faithful appropriation of such money : Com. v. Magee, 24 Pa. Superior Ct. 329.

The next move was on February 6, 1905, when the plaintiff filed a second statement of claim, with leave of court, averring that the award made to him out of the Dalton estate, by the orphans'·court, was to be paid· out of the proceeds of the sale of the real estate, for the payment of debts.

On February 20, 1905, defendant Barr filed an affidavit of defense and on March 27, 1905, the plaintiff's rule for judgment for want of a sufficient affidavit of defense was discharged by the court, and the plaintiff excepted to this order and appealed to the Supreme Court. Subsequently that court remitted that appeal and the record to the Superior Court for the very plain reason that the amount claimed by the plaintiff was less than $1,500.

On November 9, 1905, the plaintiff's counsel took a rule upon the defendants to show cause why he should not have leave to file another statement of claim averring an amendment of the adjudication by the orphans' court on October 31, 1905, to the effect that the money awarded to the plaintiff was out of the proceeds of the sale of the real estate, made for the payment of the debts of the decedent.

On November 15, 1905, the court discharged this rule without filing any opinion. On February 14, 1906, the learned counsel for plaintiff discontinued his appeal, then pending in the Superior Court, and obtained another rule on the defend-

ants to show cause why the plaintiff should not have leave to file another suggestion of claim upon the award in the estate of Margaret Dalton, deceased, and for the defendants to file another affidavit of defense within fifteen days after notice. On April 3, 1906, this rule was discharged by the court without an opinion. On April 27, 1906, the learned counsel procured another rule upon the defendants to show cause why the plaintiff should not have leave to file a statement of claim based upon the amended adjudication by the orphans' court of October 31, 1905, and why he should not have leave to discontinue all other claims made by him upon adjudication of the orphans' court in said estate. That is, the claim made on November 14, 1902, and the one made on February 6, 1905, upon payment of costs that had accrued upon the two statements of claim, to the defendant, Robert J. Barr. And that this discontinuance should not operate as a discontinuance by the commonwealth, and that it should be without prejudice to the plaintiff's right to proceed to collect his claim. And further, that the defendant should file another affidavit of defense within fifteen days after notice. On May 9, 1906, the court discharged this rule, without an opinion, and then the plaintiff took the present appeal, to this court, from the order of the court below discharging the rules of February 14, 1906, on April 3, 1906, and of April 27, 1906, on May 9, 1906. The appeal is specifically stated to be from said two orders, and we have examined the record with care and find no exception and no bill sealed as to these orders or either of them. There are two assignments of error and they are specifically directed to the action of the court in discharging the rules of February 14, 1906, and April 27, 1906.

The suit is still pending and we have searched the record and fail to find any final order or judgment since the order of March 27, 1905, refusing judgment for want of a sufficient affidavit of defense, from which the plaintiff has a right to appeal. To the order of March 27, 1905, there was an exception and the plaintiff had a right to his appeal, and to have that order of the court passed upon by the Superior Court. But after appealing from that order to the Supreme Court, and after that court had sent the appeal to the Superior Court, the learned counsel, on February 14, 1906, appeared and discon-

tinued his appeal in the Superior Court and caused the record to be remitted to the court below. We cannot, at this time, review the action of the court in discharging the rule of March 27, 1905, for the plain reason, without more, that no error is assigned to that action of the court.

The plaintiff is not out of court by any of the above recited orders because his original statement and his amended statement of February 6, 1905, are still upon the record. What, then, is he asking us to do ? The answer is, to reverse the action of the court below in discharging the rules of February 14, on April 3, 1906, and the rule of April 27, 1906, on May 9, 1906. But, he has no exception to either of these orders and they are in no sense final judgments, orders or decrees from which an appeal will lie. At most, he was only entitled to except to these orders and then pursue his case to a final judgment or order from which he could appeal. Of course the plaintiff has another course open to him ; if he started wrong, and the court in its discretion will not allow him to amend, so that he feels safe in going to a final judgment, he may discontinue his action, pay the costs and begin de novo.

That the present appeal cannot be sustained is, we think, very plain : Yost v. Davison, 5 Pa. Superior Ct. 469. " Appeals should not be resorted to when the effect is to bring cases into the appellate courts by instalments."

" An appeal does not lie from the refusal to strike off a municipal lien for the reason that there is no definitive decree, nor from an order permitting an amendment, the action being still pending : " Phila. v. Christman, 6 Pa. Superior Ct. 29. See, also, National Transit Co. et al. v. Pipe Line Co., 180 Pa. 224 ; Lauer et al. v. Lauer Brewing Co., 180 Pa. 593. The motion to quash this appeal must be sustained.

The appeal is quashed and the appellant directed to pay the costs.