## Commonwealth to use *v.* Magee, Appellant.

220    201
s224    167
s224    168

*Executors and administrators—Principal and surety—Bond—Premature suit.*

A suit prematurely brought on an administrator's bond before final decree in the orphans' court, is not saved by anything contained in sec. 6 of the Act of June 14, 1836, P. L. 637, which provides for intervention in an action brought on a bond in the name of the commonwealth at the suggestion of the party injured. The designation in the act of "any other person," cannot be construed to include one who has brought an action on a bond when no one has a right of action, and no one with a subsequently acquired right has intervened.

Argued Jan. 8, 1908. Appeal, No. 244, Jan. T., 1907, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1902, No. 4,508, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Charles Beckingham v. James E. Magee and Robert J. Barr. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appears by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alex. Simpson, Jr.*, with him *Charles L. Brown*, for appellant.—The suit was prematurely brought: Com. v. Stub, 11 Pa. 150; Gunnis v. Cluff, 111 Pa. 512.

Assuming that the same person with a new cause of ac-

tion, different from that already declared on, may be held to be within the designation of " any other person," in the act, it is none the less clear that the same person by filing a new suggestion cannot become " any other person " as to the cause of action set forth in the pending suit.

*Trevor T. Matthews,* for appellee.—Where no judgment has been entered upon the bond, but where suit has been brought to recover upon the bond, the person presenting the second claim files a suggestion of claim, with leave of the court to be made a party plaintiff in such writ ; thereupon, he declares and sets forth the breaches of conditions of such bond or obligation to his particular injury, as aforesaid : Com. v. Straub, 35 Pa. 137 ; Com. v. Cope, 45 Pa. 161.

The attorney for the appellant tells us that there is no suggestion or hint in the act that if the suit is prematurely brought that it is to be kept alive because it is a suit upon an official bond.

This is directly against the seventh clause of section 6 of the Act of June 14, 1836, P. L. 637.

Opinion by Mr. Justice Fell, March 2, 1908 :

This appeal is from an order making absolute a rule for judgment for want of a sufficient affidavit of defense.    The action was against a surety on a bond given in 1891, to secure the proper application of the proceeds of a sale of real estate of a decedent made by the administrator of his estate for the payment of debts.    The account of the administrator, which included the proceeds of the sale, was filed and confirmed nisi in 1892.    Exceptions to the allowance of the claim of the use plaintiff were filed, but no action was taken in relation to them until October 22, 1902, when they were dismissed and the adjudication was confirmed.    This action was commenced September 2, 1902, before a final decree had been entered and while the exceptions were pending in the orphans' court. Since then the case has had a wearisome and vexatious existence in the court of common pleas and has been twice in the Superior Court and once before in this court; see 24 Pa. Superior Ct. 329 ; 33 Pa. Superior Ct. 257 ; 213 Pa. 443.    On April 5, 1907, the use plaintiff indorsed upon the docket of the common pleas a discontinuance of his claim in these words :

"The claims of Charles Beckingham under statement of claim of November 14, 1902, and under amended statement of claim of February 6, 1905, are hereby discontinued, provided this discontinuance does not discontinue the suit of the commonwealth as of the above term and number." He subsequently filed a new statement based on the adjudications of the orphans' court, made after the original action in the name of the commonwealth had been instituted. To this statement an affidavit of defense was filed in which, with other grounds of defense, it was alleged that the record of the orphans' court disclosed no ground of action.

It is conceded by the appellant that the action was prematurely brought, but he seeks to sustain it under section 6 of the Act of June 14, 1836, P. L. 637, which provides that, where an action has been brought on a bond such as that in suit in the name of the commonwealth at the suggestion of the party injured, "It may be lawful for any other person to whom a cause of action has accrued on said bond or obligation, at any time before judgment, upon a suggestion filed with leave of court, to be made a party to such writ and thereupon he may declare and set forth the breaches of condition of such bond or obligation to his particular injury as aforesaid."

This section might be held to apply to a person at whose instance the writ issued, who has a new and distinct cause of action that accrued after the issuance of the writ, because the act contemplates only one suit and gives to all persons who have separate interests the right to join in it by suggestion of a right before judgment or by scire facias after judgment has been entered for the commonwealth: Com. v. Cope, 45 Pa. 161. But under the designation of "any other person" cannot be included one who has brought on action on a bond when no one has a right of action and no one with a subsequently acquired right has intervened. The action was premature as to everyone and the only course open to the use plaintiff was to discontinue the whole proceeding and commence de novo.

Since judgment could not properly have been entered for the reason stated, it is unnecessary to consider the other grounds of defense set up by the affidavit. The judgment is reversed.