## School District v. Hahne

*Walter J. Wagner,* for plaintiff.
*Charles A. Poth,* for defendant.

EGAN, J., January 10, 1935.—The matter is here on the petition of defendant who asked the court to strike off a discontinuance entered on November 16, 1934, and to reinstate the case.

The material facts involved appear in opinions of this court filed at no. 1120, October term, 1933, a quo warranto proceeding, which resulted in the ouster of the defendant as tax collector of the plaintiff school district: Commonwealth, ex rel., v. Hahne, 83 Pitts. 54, and at no. 2713, January term, 1935, a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, which resulted in judgment in the sum of $958.82 being entered in favor of Andrew J. Martin against the said school district: Martin v. School Dist., 83 Pitts. 58. From the pleadings it appears that the above suit to recover $983.23 was entered originally as a fraudulent debtor's attachment under the Act of

March 17, 1869, P. L. 8, as amended by the Act of May 24, 1887, P. L. 197; and that on May 26, 1934, the writ of attachment was quashed by order of court, and the court ordered the suit to proceed as an action in assumpsit. On June 8, 1934, the defendant filed an affidavit of defense to this action in assumpsit, and on rule to show cause why judgment should not be entered for the plaintiff for want of a sufficient affidavit of defense, the rule was discharged by order of court, without opinion, dated June 23, 1934. Afterwards, on September 21, 1934, at no. 2973, October term, 1934, the school district filed an appeal from the auditors' report for the school district of the borough of Mt. Oliver for the year ending July 2, 1934, averring, inter alia, that the auditors erred in failing to surcharge George A. Hahne in the sum of $983.23, and also in not notifying him of the illegal withholding of said amount of money contrary to the provisions of the School Code of Pennsylvania. To this appeal Mr. Hahne, on September 29, 1934, filed an answer, averring, inter alia, that this action of assumpsit at no. 884, July term, 1934, was pending. Thereafter, on November 16, 1934, without leave of court, and without notice to the said defendant Hahne, the school district discontinued this action at no. 884, July term, 1934, as appears by entry made upon the docket in the prothonotary's office. The defendant now seeks to have this discontinuance stricken off and to have the case reinstated.

A discontinuance is, in strict law, only by leave of court, and where a party to an action seeks to discontinue, the better practice in such a case is to obtain such leave of court to discontinue; but in practice, where this is not done, leave to discontinue is assumed in the first place without the formality of an application, but subject to be withdrawn on cause shown: Commonwealth v. Magee (No. 1), 224 Pa. 166; Hall et al. v. Vanderpool, 156 Pa. 152; Davis v. Hillman, 281 Pa. 150; Commonwealth, ex rel., v. Tucker, 78 Pa. Superior Ct. 19; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Cross' Estate, 309 Pa. 418. Where one of the parties enters a discontinuance as of course, it is within the discretion of the court to strike off such discontinuance, particularly if it involves some disadvantage to the other interested party: Commonwealth v. Magee (No. 1), 224 Pa. 166; Consolidated National Bank v. McManus, 217 Pa. 190.

Inasmuch as the three cases are before this court for decision, it is apparent that if the discontinuance at no. 884, July term, 1934, is permitted to stand, it will deprive the defendant Hahne of his right to trial by jury and require him to meet the question of his alleged liability on the appeal from the auditors' report at no. 2973, October term, 1934, under which he may be surcharged for the full amount involved, and this after another court en banc, by order of June 23, 1934, had decided that his affidavit of defense was sufficient to require the case to be tried before a jury. The suit at no. 884, July term, 1934, concerns the conduct and action of the defendant in the handling of public funds, in which it is averred that he withholds $983.23 school taxes belonging to the school district. It is more than a suit between individuals on a matter important only to themselves. We are of the opinion that the discontinuance should be stricken off and the case proceed to trial. It will be advanced upon the trial list.

### Order

And now, to wit, January 10, 1935, it is ordered that the discontinuance entered November 16, 1934, be and the same is hereby stricken from the record, and it is ordered that the case be placed on the trial list at the foot of list no. 108, with the right to the parties to file any additional pleadings they may deem necessary.