## Julian v. Mayo

*D. M. Garrahan*, for plaintiff.
*John M. Metzger*, for defendant.

KOCH, J., October 29, 1956.—Plaintiff secured an award before a board of arbitrators in the sum of $395, with interest from July 18, 1955. Thereafter defendant appealed from the award and paid to the prothonotary the arbitration fees of $60, the accrued record costs and also $50 cash as security to cover future costs. Plaintiff then secured a rule to show cause why an amended complaint should not be filed. The disposition of the rule is now before us.

The complaint in assumpsit alleged that defendant sold a motor vehicle to plaintiff, who relied on certain oral warranties as to the fitness of the car. Defects became apparent, and the car was returned to defendant who refused to refund the purchase price. Defendant's answer consisted, in the main, of a denial of an oral warranty and pleaded a written agreement and bill of sale, a copy of which was attached to the answer. This document contained two provisions which we deem of importance. The first provision, appearing immediately above the signature of the plaintiff is as follows:

"The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or undersanding of any nature concerning same has been made or entered into or will be recognized. I hereby certify that no credit has been extended to me for the purchase of this motor vehicle except as appears in writing on the face of this agreement. I have read the matter printed on the back hereof and agree to it as part of this order the same as if it were printed above my signature. I certify that I am 21 years of age, or older, and hereby acknowledge receipt of a copy of this order."

The other provision (covering new cars only) indicates that there are no warranties, express or implied, made by the dealer or manufacturer, with certain exceptions, and then specifically sets forth the following:

"This warranty does not apply to second-hand cars or cars not mentioned in the above order."

It is significant that on the basis of these pleadings plaintiff chose to submit the matter to arbitration, and it was not until after defendant perfected his appeal that he seeks an amendment changing the basis of his action from one sounding in breach of an oral warranty to one sounding in fraud in the inducing of a written contract.

Rule 1033 of the Pennsylvania Rules of Civil Procedure, which is applicable to the amendment of pleadings, has been liberally applied and is intended to give the parties the opportunity to plead their best case. It has been held that the rule of liberality is the first consideration in determining the right to amend where an amendment will enable plaintiff to secure a just disposition of his case on all its merits and does not change the cause of action: Wessling v. Latkanich, 144 Pa. Superior Ct. 317. See also City of Philadelphia v. Christman, 6 Pa. Superior Ct. 29. Moreover, courts have the power in any stage of the proceedings to permit amendment if it is necessary for proper decision of the cause on the merits: Bruker v. Carlisle Borough 376 Pa. 330.

Defendant does not seriously oppose the amendment but maintains that a manifest injustice would result in that he has no recourse for the recovery of the arbitrators' fees which he was compelled to pay into the office of the prothonotary to perfect the appeal. Act No. 391, approved March 15, 1956, P. L. 1279, relaxed somewhat the original provisions of the Arbitration Act with respect to repaying to the county the fees of the members of the board of arbitrators but the 1956 Act, supra, still contains this provision: "Such fees shall not be taxed as costs or be recoverable in any proceeding."

We deem this position to be well taken. The Act of May 10, 1871, P. L. 265, sec. 1, 12 PS §535, provides that the party applying for an amendment shall pay all costs up to the time of amendment. While there is no statutory authority to compel plaintiff to reimburse defendant for the arbitrators' fees under the circumstances before us, we are of the opinion that, since amendments are properly within the sound discretion of the court, it is proper in these circumstances to adopt the view that we will allow the amend-

ment only if plaintiff pays the accrued costs and arbitrators' fees. Admittedly, there would be another alternative, to return the case to a board of arbitrators, but in that case the County of Lehigh would be prejudiced because of the necessity of compensating another group of arbitrators. In reaching this view we are emphasizing the factor that plaintiff had full knowledge of the defense before arbitration and that he could have sought an amendment before that time. Plaintiff chose to proceed to arbitration, a proceeding wherein we have no record to scrutinize to determine whether the amendment might be asked to conform to matters of evidence. Should plaintiff not wish to repay the arbitrators' fees, it is proper that the amendment should be disallowed for the same reason.

One of the fundamental purposes of arbitration is to conclude litigation promptly. It therefore follows that all preliminary proceedings with respect to pleading should be disposed of before the issue is presented to a board of arbitrators.

### Order

And now, October 29, 1956, plaintiff's rule to show cause why the complaint should not be amended is discharged unless plaintiff shall, within 20 days after service of this order upon his counsel, pay into the office of the prothonotary for reimbursement to defendant the arbitrators' fees and costs in which case the amendment is allowed.