## Commonwealth, to use of Sims, v. Aetna Casualty & Surety Co.

*Irwin Albert,* for plaintiff.
*William F. Martson,* for defendant.

JACOBS, J., May 2, 1961.—On July 15, 1958, Carl Sims filed an administrator's bond in the register's office, Cumberland County, as administrator of the Estate of Albert Moore, deceased, and, on the same date, Aetna Casualty and Surety Company signed as surety on said bond. The penal sum of the bond was $1,000. The bond was in the usual form of administrators' bonds.

On December 29, 1959, Jean L. Sims transferred a support order against Carl Sims from the court of quarter sessions, Cumberland County, to the court of common pleas and entered judgment thereon against Carl Sims, apparently in the amount of $6,000.

On December 29, 1959, an attachment execution was issued on the transferred judgment directing the sheriff to attach all the personal property to be distributed to Carl Sims from the Estate of Albert Moore, deceased. On January 13, 1960, Mark E. Garber, Jr., Esq. and Carl Sims, administrator of the Estate of Albert Moore, deceased, were added as garnishees. In the answers to interrogatories, Mark E. Garber, Jr., Esq. admitted having in his hands $820.42 belonging to the Estate of Albert Moore, deceased. On March 21,

1960, this court directed Mark E. Garber, Jr., Esq., garnishee, to pay over to Jean L. Sims the sum of $820.42, admitted to be due Carl Sims as sole heir of the Estate of Albert Moore, deceased. No further proceedings were taken on the attachment execution.

On November 18, 1959, the final account of Carl Sims, administrator of the Estate of Albert Moore, deceased, was filed in the office of the Register of Wills of Cumberland County. Said account showed a balance for distribution in the amount of $2,666.42. On November 18, 1959, a schedule of proposed distribution was filed by Carl Sims, administrator of the Estate of Albert Moore, deceased, proposing to distribute the balance in the hands of the administrator, being $2,666.42, to Carl Sims, the only son and sole heir of decedent. On January 6, 1960, exceptions were filed by plaintiff, Jean L. Sims, to the first and final account. No disposition has been made of said exceptions and the account has not been confirmed nor has distribution been ordered in accordance with the proposed schedule of distribution.

On April 6, 1960, a complaint in trespass was filed in the Court of Common Pleas of Cumberland County by Jean L. Sims v. Carl Sims, administrator of the Estate of Albert Moore, deceased, alleging that defendant had converted the sum of $1,837 of the funds of the Estate of Albert Moore, deceased, to his own use. On May 5, 1960, judgment by default was entered against defendant in accordance with Pa. R. C. P. 1047 for failure to enter an appearance or file an answer. No further action was taken to assess the damages.

On July 27, 1960, this action in assumpsit was brought against the surety on the bond, alleging as a breach of the conditions of the bond that Carl Sims as administrator of the Estate of Albert Moore, deceased, converted the sum of $1,837 to his own use. The penal sum of the bond filed by defendant was

$1,000, and plaintiff claims the sum of $1,000 from defendant.

On October 28, 1960, defendant's motion for a more specific complaint was sustained.

On November 26, 1960', an amended complaint was filed in this action of assumpsit again alleging the conversion of the sum of $1,837 to his own use by the administrator as a breach of the conditions of the bond and again asking to recover the penal sum of the bond, namely, $1,000.

On January 21, 1961, defendant filed preliminary objections to the amended complaint which are now before the court for consideration.

This case raises many interesting issues. Among them is the standing of the creditor of a distributee or legatee who attaches the interest of the distributee or legatee. Does such attaching creditor become a creditor of the estate of decedent, or does he stand in the place of the distributee or legatee? However, we need not decide at this time what position the attaching creditor acquires, because, in either case, whether as creditor of decedent or in the place of a legatee or distributee, we are satisfied that this action has been prematurely brought.

This assumpsit action is a suit on an official bond and is brought under the provisions of the Act of June 14, 1836, P. L. 637, sec. 6, 8 PS §111, et seq. The liability of the surety is contingent upon a breach of the obligations of the bond by the administrator. Suit cannot be brought against the surety until the liability of the administrator has been fixed, either by a judgment at law or a decree of the orphans' court. This was so held in the suit of distributees against the surety on a bond in Commonwealth, to use of Stub, v. Stub, 11 Pa. 150, and has been held many times in the case of a creditor claiming from a surety. See

cases cited in Commonwealth v. Stub, supra, and see Commonwealth, to use, v. Magee, 220 Pa. 201.

In this case there has been no decree of the orphans' court fixing the amount owed by the administrator to the sole distributee. Exceptions have been filed to the account, and it has not been confirmed nor has any distribution been directed. It is doubtful if a definitive decree can be obtained from the orphans' court unless an audit is held to pass upon the exceptions to the account and determine the problems of distribution, including advancements.

Carl Sims' liability as administrator has not been fixed in any action at law. No further proceedings were taken in the attachment execution after the amount in Mr. Garber's hands had been ascertained and paid over. In the trespass action, a judgment was entered against Carl Sims, administrator of the Estate of Albert Moore, deceased. However, this judgment was taken under Pa. R. C. P. 1047 for failure of defendant to enter an appearance or file a responsive pleading. Such a judgment standing alone does not fix the amount of the liability of defendant because it is a strict requirement that damages shall be assessed at a jury trial. Plaintiff in the trespass action not having proceeded to the assessment of damages by jury trial, the liability of defendant was not fixed in that action.

### Order of Court

And now, May 2, 1961, at 1:30 p.m. (EST), the preliminary objections of defendant in the nature of a demurrer are sustained for the reason that the suit as instituted is premature, and the amended complaint of plaintiff is dismissed without prejudice to her right to begin suit at a later date when the indebtedness of the administrator has been fixed by a proper judgment or decree of court.