JACOB BROOM, JOHN S. LITTLER, JAMES CHIPMAN and THOMAS FOULKE *against* EDWARD FOX.

In replevin, where the goods are delivered to the plaintiff, court will not give him leave to discontinue ; and there may be cases where the court will refuse such leave, though the possession remains with the defendant, on his claim of property.

REPLEVIN for 60 pieces of bandanoes.   Defendant pleads property.

Mr. M. Levy for the defendant, prayed that the jury might be sworn.   Mr. Hallowel for the plaintiff objected thereto, and prayed leave to discontinue the suit, producing at the same time the defendant's written agreement to that effect.

The defendant's counsel stated, that on the 7th January 1797, the plaintiff's had sold the bandanoes in question, and a hair trunk, to one Peter Farrar, for 125*l.* 5*s.* and had delivered him a bill of parcels, whereon was subscribed a receipt for 149 dollars in part, and an acknowledgment that they had received the assignment of a promissory note from William Campbell to the said Farrer for 400 dollars, dated 21st December 1796, payable at 90 days, which they agreed to return to Farrar if the balance of the account was paid within the 90 days ; and that the said Farrar in consideration of a precedent debt, had assigned the bandanoes to Abijah Holbrook, subject to the lien of 120 dollars advanced on the same by the defendant.

The plaintiffs stated that the merchandise was obtained by a swindling trick of Farrar, who had given them a pledge of no value for the balance, and was immediately sent to the vendue store of the defendant, an auctioneer, to be converted into cash, who advanced on them 120 dollars ; that on the service of the replevin, the defendant had

claimed a special property in the goods, but on a true state of the facts having been afterwards made to him, he had surrendered up the same, on the plaintiff's paying him a sum nearly equal to what they had received from Farrar.

It was therefore contended, that the defendant had waived his plea of property, and no issue was left for trial. If Farrar or Holbrook deemed themselves injured, they might resort either to the plaintiffs or the defendant in a new suit for redress. The court would only regard the parties to the present record, and they being equally desirous of ending this suit by a discontinuance, it was presumed that liberty would not be denied them.

*E contra.* it was urged, that the interests of third persons were involved in this replevin, which the tortious acts of the parties ought not to effect. The court will not permit a nominal plaintiff to discontinue an action brought in his name for the use of another; (1 Dall. 139) and by parity of reason will not suffer a nominal defendant to agree to the stopping of a trial in replevin, to the prejudice of the real defendants. The special property of the defendant rested on the general property of Farrar as its basis, and it was very obvious that the plaintiffs could not support their suit. The ground assumed by the adverse counsel is too large. Cases may easily be put of replevins, where the court would utterly disregard the agreement of the parties to the record. Suppose one deliver a box of diamonds to a common carrier, and another pretending title should obtain possession thereof in replevin, could the carrier, by his agreement, prevent the trial of the action, or would the court sanctify such iniquitous proceedings ?

*Pur cur.* Regularly, there can be no discontinuance without leave of the court, and this rule holds with peculiar force in replevins. 1 Leon. 105. There both the parties are actors, and yet the avowant cannot discontinue. 1 Stra. 112. When the goods are delivered to the plaintiff in replevin, the defendant has an evident interest in the suit, being entitled to a writ of *retorno habendo*, if the issue is found for him. When a claim of property is interposed by the defendant on the service of the process, the goods remain in his hands on his giving security, and the plaintiff proceeds for damages for the taking and detention. Hence arises a manifest difference as to the court's granting leave to discontinue on the different returns of the sheriff. There may be cases however, where the court would in all probability refuse this liberty, even where the possession of the articles remains in the

defendant, on the sheriffs' return; but the circumstances of the present case, as disclosed on the motion, do not appear to warrant our refusal of liberty to discontinue.

*Adjornatur.*