# Consolidated National Bank *v.* McManus, Appellant.

*Practice, C. P.—Discontinuance—Leave to discontinue.*

A discontinuance in strict law must be by leave of the court, but it is the universal practice in Pennsylvania to assume such leave in the first instance.

Causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion and usually

involve some unjust disadvantage to the defendant or to some other interested party.

The fact that a case is at issue on a plea of set-off, is not sufficient to prevent the plaintiff from taking a nonsuit; and without some other hardship, the same rule applies to a discontinuance in actions at law. The practice in equity is somewhat stricter.

Where a rule is taken by a defendant to strike off a discontinuance, and this rule is heard and discharged by the court, such action by the court is equivalent to a grant of leave to discontinue, and thereafter the court is under no obligation to reconsider the matter on a new and amplified application by the defendant. If the defendant failed to present his whole case at the hearing of the rule, as he was bound to do, the fault or misfortune was his own.

Argued Jan. 14, 1907. Appeal, No. 323, Jan. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1903, No. 978, dismissing application to strike off discontinuance in case of Consolidated National Bank v. Michael Mc-Manus. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Assumpsit on promissory notes.

Petition to strike off discontinuance.

The petition alleged that the defendant was entitled to set off against the notes a sum largely in excess of their aggregate amount.

*Error assigned* was the order dismissing the petition.

*James W. M. Newlin*, for appellant.

*George R. Van Dusen*, with him *John G. Johnson*, for appellee.

Per Curiam, March 4, 1907 :

A discontinuance in strict law must be by leave of the court, but it is the universal practice in Pennnsylvania to assume such leave in the first instance. This was stated to be the established practice as long ago as 1843, in Schuylkill Bank v. Macalester, 6 W. & S. 147, where it is said per curiam " all the cases show that a discontinuance must be founded on the express or implied leave of the court. In England this leave

is obtained on motion in the first instance, and here it is taken without the formality of an application, but subject to be withdrawn on cause shown for it; that is the whole difference."

The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion and usually involve some unjust disadvantage to the defendant or to some other interested party, such as a surety. The fact that a case is at issue on a plea of set-off is not sufficient to prevent the plaintiff from taking a nonsuit: McCredy v. Fey, 7 Watts, 496; Gilmore v. Reed, 76 Pa. 462. And without some other hardship the same rule applies to a discontinuance, in actions at law. The practice in equity is somewhat stricter.

The plaintiff, following the usual practice, entered a discontinuance on the assumed leave of the court. A rule was then taken by defendant to strike off the discontinuance, which the court heard and discharged. This was equivalent to a grant of leave. Defendant then filed a petition for a rule to show cause why the order discharging the previous rule should not be rescinded and the discontinuance be set aside. This petition the court dismissed and from this action the present appeal was taken. Having considered and discharged the rule the court was not bound to reconsider the matter on the new and amplified application by petition. If appellant failed to present his whole case at the hearing of the rule, as fully as his present counsel now thinks desirable, the fault or misfortune was his own. He was bound to present his whole case and his failure to do so did not entitle him to a second hearing. The court might ex gratia have given him a second rule, but was under no obligation to do so.

Judgment affirmed.