# Lamb, Appellant, *v.* Greenhouse.

*Practice, C. P.—Discontinuance of suit—Counterclaim—Rules of court.*

1. A rule of court which provides that "If, in any case in which the defendant sets up a counterclaim for which he might have a certificate in his favor, the action of the plaintiff is stayed, discontinued, or a voluntary nonsuit suffered, the counterclaim may, nevertheless, be proceeded with," is a valid rule applicable to a case where the plaintiff, without leave of court, enters a discontinuance in the prothonotary's office, and pays the costs.

2. The plaintiff in a cause has no absolute right, either at common law or by statute to discontinue. It is a privilege, the exercise of which must in some way have the express or implied sanction of the court, and which the court may grant or refuse at its discretion.

3. Granting or refusing leave to discontinue being a matter subject to the discretionary control of the court, and not a matter of statutory right, it is subject to reasonable regulation by a general rule of court.

Argued Dec. 16, 1914.   Appeal, No. 153, Oct. T., 1914, by plaintiff, from order of C. P. No. 4, Phila. Co.,

March T., 1913, No. 4,467, dismissing motion in arrest
of judgment in case of Thyele M. Lamb, trading as
Lamb & Company, v. Martin E. Greenhouse. Before
RICE, P. J., ORLADY, HEAD, KEPHART and TREX-
LER, JJ. Affirmed.

Assumpsit to recover the purchase price under arti-
cles of agreement for the sale of real estate.

The defendant's affidavit of defense denied liability
upon the ground that the plaintiff's title was defective
by reason of the widening of Arch street under ordi-
nance of city councils of 1886, whereby Arch street
was widened and three feet of the southernmost part
of the lot was thereby carried into the bed of the street.
By reason of these facts the defendant claimed to be
entitled to the return of his deposit money of $250,
for which sum he asked for a certificate in his favor.

About a year after the suit was brought the plaintiff
paid the costs and discontinued it of record with notice
to the defendant, but without any express leave of
court.

When the case was called for trial the court gave
binding instructions for defendant.

Certificate for defendant for $250. Subsequently
the plaintiff moved in arrest of judgment. This mo-
tion was dismissed.

*Error assigned* was in dismissing plaintiff's motion
in arrest of judgment.

*Leon H. Folz*, with him *Stanley Folz*, for appellant.—
Our Supreme Court, in consonance with the acts of
assembly above referred to, has uniformly ruled that
the plaintiff is entitled at any time prior to the em-
paneling of the jury either to discontinue the action
or to suffer a nonsuit. The following cases will show
that the appellant was entirely within his rights when
he discontinued his action, and that although the court

had it in its power, upon cause shown, to strike off the discontinuance, it nevertheless had no right to order the case to proceed to trial if the plaintiff for any reason preferred not to present his case to the jury, or if, as in this case, neither he, nor his counsel, nor his witnesses appeared at the trial: McCredy v. Fey, 7 Watts, 496; Gilmore v. Reed, 76 Pa. 462; Haviland v. Fidelity I. T. & S. Dep. Co., 108 Pa. 236; Felts v. Del., L. & W. R. R., 170 Pa. 432; Crumley v. Lutz, 180 Pa. 476; Consolidated Nat. Bank v. McManus, 217 Pa. 190; Commonwealth to use v. Magee, 224 Pa. 166.

*Henry W. Schorr,* with him *Horace Stern* and *Morris Wolf,* for appellee.—Without a single break in the authorities, it has always been held that a discontinuance is allowable only within the discretion of the court, and that the plaintiff cannot discontinue a case as a matter of right: Mechanics' Bank v. Fisher, 1 Rawle, 341; Schuylkill Bank v. Macalester, 6 W. & S. 147; Broom v. Fox, 2 Yeates, 529; McCullum v. Coxe, 1 Dallas, 139; Payne v. Grant, 7 W. N. C. 406; Davis v. Sharpe, 5 W. N. C. 404; LaTouche v. Rowland, 12 W. N. C. 384; Wheeler v. Bowman, 12 Luzerne Legal Register, 256; Hay v. Fidelity Ins. T. & S. Dep. Co., 13 York Legal Record, 53; Consolidated Nat. Bank v. McManus, 217 Pa. 190; Commonwealth v. Magee, 224 Pa. 166.

So much is the matter of allowing or disallowing a discontinuance entirely within the discretion of the trial court, that it has been held that the refusal by such a court to discontinue a suit is not reviewable by the appellate court: Evans v. Clover, 1 Grant, 164; Bach v. Burke, 141 Pa. 649; Hall v. Vanderpool, 156 Pa. 152.

OPINION BY RICE, P. J., February 00, 1915:

This was an action of assumpsit. Pursuant to notice

by plaintiff, defendant filed a plea and affidavit of defense in which he set up a counterclaim. A year later plaintiff's attorney entered a discontinuance in the prothonotary's office and paid the costs. The trial of the case, which took place soon thereafter, resulted in a verdict for defendant with certificate in his favor for the amount of his counterclaim. Whether or not plaintiff and his counsel, or either of them, were present in court is not shown by the record, but the official report of the trial shows that no evidence was offered on plaintiff's behalf and that neither he nor his counsel took any part in the trial. The court dismissed the plaintiff's motion in arrest of judgment and entered judgment on the verdict, whereupon plaintiff took this appeal and has assigned for error the dismissal of his motion.

The controlling question arising upon the record is, whether it was legal to proceed with the trial while the discontinuance remained. Clearly, it was legal if rule 57 of the courts of common pleas of Philadelphia county is valid. It reads as follows: "If, in any case in which the defendant sets up a counterclaim for which he might have a certificate in his favor, the action of the plaintiff is stayed, discontinued, or a voluntary nonsuit suffered, the counterclaim may, nevertheless, be proceeded with." Whether this rule would apply where the plaintiff discontinued by express leave of court, and whether it is valid so far as it relates to voluntary nonsuits, are questions not raised by this record, and, therefore, no opinion upon them will be expressed. We make this remark because the cases cited by the appellant relate for the most part to voluntary nonsuits or action by the plaintiff which was deemed by the court equivalent to an election to take a voluntary nonsuit. While a discontinuance and a voluntary nonsuit do not differ greatly in their legal effect, yet a well-defined distinction between them has been uniformly recognized in practice. Whatever may be said as to the absolute

right of a plaintiff to suffer a voluntary nonsuit, it cannot be said that he ever had an absolute right, either at common law or by statute, to discontinue. Under all the decisions it is a privilege the exercise of which must in some way have the express or implied sanction of the court and which the court may grant or refuse at its discretion. "In England this leave is obtained on motion, in the first instance; and here it is taken without the formality of an application, but subject to be withdrawn on cause shown for it: that is the whole difference:" Schuylkill Bank v. Macalester, 6 W. & S. 147; Consolidated Nat. Bank v. McManus, 217 Pa. 190; Com. v. Magee, 224 Pa. 166. An application for leave to discontinue, and an application to strike off a discontinuance entered without prior leave, are alike addressed to the discretion of the court, and its action one way or the other is not ordinarily reviewable on appeal: Evans's Admr. v. Clover, 1 Grant's Cases, 164; Bach v. Burke, 141 Pa. 649; Hall v. Vanderpool, 156 Pa. 152. Granting or refusing leave to discontinue being a matter subject to the discretionary control of the court, and not a matter of statutory right, it is subject to reasonable regulation by general rule of court. The reasonableness of the rule in question, so far as it relates to this matter, is apparent and needs no argument of ours to support it. In Standard, etc., Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432, will be found collected many Pennsylvania decisions relative to the powers of the court to make general rules. Many of the rules referred to in those decisions are much more radical in changing established practice than the one under consideration. When plaintiff entered the discontinuance in the prothonotary's office he must be deemed to have done so subject to the reasonable condition of the rule that the establishment of the counterclaim might nevertheless be proceeded with.

The judgment is affirmed.