## New York City v. Spannuth.

*Practice, C. P.—Discontinuance of suit—Leave of court—Institution of second suit—Replevin—Discretion.*

1. Where the defendant in replevin objects to the form of bond and plaintiff thereupon discontinues the action and starts a second suit, defendant cannot demand that the second suit be stricken from the record because the first was discontinued without leave of court.

2. The court, in the exercise of a proper discretion, may sanction a former discontinuance, although entered without leave.

3. In strict law a discontinuance is always by leave of court, but in practice leave to discontinue is assumed in the first place without the formality of an application, but subject to be withdrawn upon cause shown. The discharge of a rule to strike off a second suit is equivalent to a grant of leave to discontinue the first suit.

Rule to strike off suit. C. P. Schuylkill Co., Sept. T., 1919, No. 157.

*Carl H. Wagner*, for plaintiff; *James J. Bell*, for defendant.

BERGER, J., Feb. 20, 1922.—The plaintiff, on July 9, 1919, instituted an action of replevin against the defendant to obtain possession of "Liber No. 18 Book of conveyances of land situate in the County and State of New York Deeds and Mortgages from 1687 to 1694," and filed a bond in the sum of $10,000, with the National Surety Company of New York as its surety. The defendant, on Jan. 12, 1919, filed exceptions to the bond as follows:

"1. On behalf of the plaintiff, the City of New York, the said bond purports to be executed by Jonas A. Stove, 'Assistant Corporation Counsel of the City of New York, attorney-in-fact,' without any special authority being filed with said bond showing the authority of the said Jonas A. Stover to bind the said plaintiff, the City of New York.

"2. That the said bond is insufficiently executed on the part of the plaintiff, the City of New York, in that the corporate seal of the City of New York is not impressed thereon.

"3. That the execution of the said bond by the National Surety Company is insufficient, in that it does not bear the corporate seal of the said surety, the National Surety Company.

"4. That the said bond is insufficiently executed on the part of the National Surety Company, in that it purports to be executed by Jacob Gellert, 'attorney-in-fact,' without any special authority being filed with the said bond showing the authority of the said Jacob Gellert to bind the said surety, the National Surety Company."

Thereupon, upon defendant's motion, an order was obtained from Richard H. Koch, J. C. P., sitting at chambers, the court being in vacation, in the following form:

2 D. & C.

### New York City *v.* Spannuth.

"And now, July 12, 1919, it appearing to the court that exceptions have been filed to the plaintiff's bond in the above stated case, which in effect question the entire validity of the bond, the court, upon motion of James J. Bell, attorney for the defendant, hereby extends the time in which the defendant's counter-bond is required to be filed until the exceptions have been disposed of, and in the meanwhile all proceedings to be stayed."

The plaintiff then discontinued its action of record without leave of court or notice to the defendant on July 28, 1919, when it paid all the costs. On the same day another action in replevin was instituted for the recovery of the identical property, and a bond in the same amount with the same surety, duly approved by the court, was filed before the issuance of the new writ. No exceptions have been taken to the validity of this bond or to the manner of its execution. The defendant, by his attorney, then obtained a rule upon the plaintiff to show cause why the action of replevin to No. 157, September Term, 1919, should not be stricken from the record, "(1) because there is now pending in the said court and entered to No. 36, September Term, 1919, a suit in replevin by the above named plaintiff against the above named defendant for, of and concerning the subject-matter in this suit, and for the same purposes as this suit," and obtained an order staying the proceedings meanwhile.

If, therefore, the plaintiff was within its rights in discontinuing its first action without leave of court and without notice to the defendant, the order staying the proceedings in second action must be vacated. It is quite true, as contended by counsel for the defendant, relying upon Broom et al. *v.* Fox, 2 Yeates, 530, "that regularly there can be no discontinuance without leave of court, and this rule holds with peculiar force in replevin." It is equally true, however, that, "in strict law, a discontinuance is always by leave of court, but in practice leave to discontinue is assumed in the first place without the formality of an application, but subject to be withdrawn on cause shown. The discharge of a rule to strike off a discontinuance is equivalent to a grant of leave. The causes that will move the court to withdraw its assumed leave are addressed to its discretion, and usually involve some disadvantage to other interested parties: Consolidated National Bank *v.* McManus, 217 Pa. 190. The only advantage of which the defendant was deprived by the discontinuance was that of asserting that he had been summoned before a right of action arose:" Com. *v.* Magee (No. 1), 224 Pa. 166, 168. The only advantage of which the defendant has been deprived by the plaintiff's discontinuance of the first action is a judicial determination of the questions raised by his exceptions to the replevin bond. It appears to us that the discontinuance by the plaintiff put the defendant in the precise position which he would have occupied had the court sustained his exceptions, and that, consequently, the discontinuance has not been to his advantage. Since an application for leave to discontinue an action and an application to strike off a discontinuance of an action, entered without prior leave of court, are alike addressed to our discretion (Lamb *v.* Greenhouse, 59 Pa. Superior Ct. 329, 333), it is proper now, in the exercise of our discretion, to give our sanction to the prior discontinuance obtained without leave. Therefore, the rule to show cause why the action to No. 157, September Term, 1919, should not be stricken from the record must be discharged and the order staying the proceedings therein vacated.

Rule discharged and order staying proceedings vacated.

From J. O. Ulrich, Tamaqua, Pa.