## Kasuga v. Dervend Flying School, Inc.

*Sidney L. Krawitz*, for plaintiff.

*George T. Robinson* and *Clifton A. Cloud*, for defendant.

DAVIS, P. J., October 6, 1950.—This matter comes before the court on rule to show cause why plaintiff should not be granted leave to discontinue his action.

The matter was submitted to the court on the petition for leave to discontinue and the answer thereto. Under the pleadings the facts are as follows:

In 1948 plaintiff, a resident of the State of New York, started an action in trespass against defendant. Service of summons was obtained on defendant, a New York corporation organized to do business in Pennsylvania, on October 9, 1948. No complaint has ever been filed. Subsequently defendant brought its action against plaintiff herein in Nassau County, New York.

Defendant maintains that the suit in New York was necessary because plaintiff had not filed his complaint and therefore defendant's claim could not be asserted as a counterclaim in the Pennsylvania action. Defendant further maintains that since its principal place of business is located in Matamoras, Pike County, Pa., where its records and flying equipment are kept, it would be a great hardship if it were compelled to defend this action in Nassau County, New York. Plaintiff alleges that he desires to assert his cause of action in the form of a counterclaim to the New York State action and thus have the controversy between the parties determined in one action.

Discontinuances are only by leave of court; however, under the practice in Pennsylvania that permission is usually implied. It is only when it will give plaintiff an advantage or put defendant or some other interested party to an unjust disadvantage that permission to discontinue will be refused.

"A discontinuance in strict law must be by leave of the court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. This was stated to be the established practice as long

ago as 1843, in Schuylkill Bank v. Macalester, 6 W. & S. 147, where it is said per curiam 'all the cases show that a discontinuance must be founded on the express or implied leave of the court. In England this leave is obtained on motion in the first instance, and here it is taken without the formality of an application, but subject to be withdrawn on cause shown for it; that is the whole difference.'

"The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion and usually involve some unjust disadvantage to the defendant or to some other interested party, such as a surety. The fact that a case is at issue on a plea of set-off is not sufficient to prevent the plaintiff from taking a nonsuit: McCredy v. Fey, 7 Watts, 496; Gilmore v. Reed, 76 Pa. 462. And without some other hardship the same rule applies to a discontinuance, in actions at law. The practice in equity is somewhat stricter": Consolidated National Bank v. McManus, 217 Pa. 190.

If defendant had elected to use the process available to it in Pennsylvania to compel the filing of a complaint we would be more inclined to feel that the removal of the necessary papers and records from Pennsylvania to New York might be burdensome. When defendant voluntarily started its action in the State of New York it can be assumed that it then realized the necessity for producing its evidence in the place where the action was started. Under these circumstances we do not believe that the allowance of a discontinuance would work an unjust hardship on defendant. The rights of other parties are not involved in this action. The rule will be made absolute.

And now, to wit, October 6, 1950, the within rule is made absolute and plaintiff is granted leave to discontinue his action.