## Wineburg v. Hess

*Harry Hiscox*, for plaintiff.

*Theodore L. Krohn*, for defendants.

SCHIFFMAN, J., February 19, 1965.—This matter is before the court upon a rule granted upon plaintiff to show cause why a discontinuance entered in behalf of plaintiff should not be stricken.

At previous argument of this matter, no final determination was made. The parties were afforded an opportunity to provide additional facts deemed essential. Attempt to supply this data has since been made by way of stipulation.

The instant action was instituted by plaintiff in October 1961, in assumpsit in this court, to recover the sum of $47,150. This amount is alleged to be due because of defendant Hess's breach of written lease with plaintiff in regard to certain premises owned by plaintiff in Hornell, New York. The payment of the agreed upon rental was guaranteed by Wineburg and Gleason, Inc.

Plaintiff did not originally join Wineburg and Gleason, Inc. as defendant. The amended complaint, filed on January 29, 1962, was filed subsequent to preliminary objections by defendant Hess. This revised pleading added Wineburg and Gleason, Inc. as a defendant.

In addition to the aforementioned preliminary objections, defendant Hess filed and served written interrogatories upon the plaintiff, Edith Z. Wineburg. These interrogatories were never answered. Defendant had contended this action was delayed because of such failure by plaintiff.

It is now stipulated and agreed that the plaintiff, Mrs. Wineburg, died on January 4, 1963, a resident of the State of New York and that prior thereto, her state of health precluded her answer to the interrogatories.

An action was instituted in the Supreme Court of New York of the County of New York in the name of

Estate of Edith Z. Wineburg v. Louis Hess. These proceedings were instituted in January, 1964, and involve the same lease as in the instant proceedings. The executors of Edith Z. Wineburg's estate live in New York and defendant Hess lives in Wilkes-Barre, Pennsylvania. The New York action involves pending motions and has not proceeded to conclusion.

On July 7, 1964, without leave of court, the within discontinuance was entered. The praecipe upon which the discontinuance was entered was filed in behalf of plaintiff, who was then deceased, by her "attorney."

The discontinuance was captioned only against defendant Hess despite the fact that Wineburg and Gleason, Inc. had been previously joined as defendant. It was not until after this discontinuance had been entered and plaintiff had obtained the rule presently before us, that a suggestion of plaintiff's death and the appointment of her son and daughter as executors of her estate was entered.

We have, therefore, a situation where a plaintiff who was then dead and for whom no one had been substituted on the record, discontinued an action captioned against only one of two defendants.

Pennsylvania Rule of Civil Procedure 229 (b) provides that "a discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties." It is not claimed herein that any notice was given nor leave of court obtained before this discontinuance was entered. Thus, although the parties now stipulate it was "intended" that the discontinuance be as to all defendants including Wineburg and Gleason, Inc., such result is questionable. The praecipe for discontinuance refers to the caption of Edith Z. Wineburg v. Louis Hess, despite plaintiff's prior amended complaint which included Wineburg and Gleason, Inc. as a defendant.

The problem is compounded by the fact that at the time the "plaintiff" attempted to effect this discontinuance, she had departed this world, and no one had been substituted for her on this record.

We further observe that even if the state of the record did not require a striking of the discontinuance, that no party has an absolute right to discontinue an action. A court may refuse a discontinuance if it results in unfairness or injustice: Consolidated National Bank v. McManus, 217 Pa. 190; Kasuga v. Dervend Flying School, Inc., 73 D. & C. 503.

Within the scope of our determination, there exist several pertinent facts. Plaintiff selected this forum to institute her action. Defendant who seeks to strike the discontinuance has been required to engage counsel and to participate in considerable legal procedure by way of defense. However blameless plaintiff might have been, a substantial factor in the delay of placing this case at issue was her inability to answer defendant Hess's interrogatories. The pending action involving this same lease in New York was initiated subsequent to this action. Defendant Hess will be obliged to travel to New York if it becomes necessary to defend that action and to there maintain himself while so engaged.

The total circumstances conduce toward our conclusion to maintain the action in this forum. We do not determine the sufficiency of compelling equitable considerations which require us to sustain the discontinuance.

Accordingly, we enter the following

*Order*

Now, February 19, 1965, at 3 p.m., it is ordered that defendant Louis Hess's rule to show cause why the discontinuance entered herein should not be stricken is made absolute and the discontinuance is ordered stricken.