| | | |
|---|---|---|
| Wilmington Township | : | |
| | : | |
| v. | : | |
| | : | |
| Carrie Hahn, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 158 C.D. 2021 |
| Terry Mutchler, Esq. | : | Submitted: January 21, 2022 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                          FILED:  May 12, 2022

Carrie Hahn (Hahn) appeals, *pro se*, from the Lawrence County Common Pleas Court's (trial court) December 8, 2020 order denying her Motion to Strike Discontinuance (Motion to Strike) and directing that Wilmington Township's (Township) June 25, 2018 Praecipe to Settle and Discontinue (Praecipe to Discontinue) shall remain in full force and effect.  Hahn presents four issues for this Court's review: (1) whether the trial court erred as a matter of law by failing to develop a factual record as to the alleged settlement, Hahn's delay in seeking to strike the discontinuance, and the Township's alleged prejudice in pursuing its claim if the underlying matter is reinstated; (2) whether the trial court erred as a matter of law and abused its discretion by granting Hahn's prior counsel's intervention in the underlying statutory appeal because she has no legally enforceable interest; (3) whether the trial court erred as a matter of law and abused its discretion by holding

Hahn to a strict evidentiary requirement to submit critical material evidence into the record during the evidentiary hearing in a Right-to-Know Law (RTKL)[1] appeal; and (4) whether the trial court erred as a matter of law and abused its discretion by allowing the Township's Praecipe to Discontinue to remain in full force and effect, despite that the Township failed to release records as the Office of Open Record's (OOR) Final Determination directed. After review, this Court affirms.

**Background**

On October 26, 2017, Hahn filed an RTKL request with the Township for public records (Request). Specifically, Hahn sought copies of all invoices from Township Solicitor Louis M. Perrotta from January 29, 2016 to the Request date. After invoking a 30-day extension pursuant to Section 902 of the RTKL, 65 P.S. § 67.902, on November 29, 2017, the Township granted Hahn's Request in part and denied it in part by redacting portions of the invoices that it claimed were protected by attorney-client privilege and the work-product doctrine.

On December 7, 2017, Hahn appealed to the OOR. On January 12, 2018, after performing an *in camera* review of the original, unredacted versions of the disputed records, the OOR rendered its Final Determination that affirmed in part and denied in part the Township's response, rescinding many redactions for what the OOR considered routine information unprotected by the attorney-client privilege or the work-product doctrine. On March 22, 2018, the Township appealed to the trial court.

By April 3, 2018 order, the trial court scheduled a status conference for June 25, 2018. At that time, Hahn did not have an attorney of record, and acted *pro se*. However, on June 22, 2018, Terry Mutchler, Esquire (Attorney Mutchler), filed

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

a Praecipe for Entry of Appearance as Hahn's counsel.[2]  Three days later, on the date the status conference was to take place, the Township's counsel notified the trial court that the parties reached a settlement and contemporaneously filed the Praecipe to Discontinue, therein requesting the trial court's prothonotary (Prothonotary) to discontinue the matter with prejudice.  Upon receipt of the Praecipe to Discontinue, the Prothonotary marked the case discontinued with prejudice.

On February 21, 2019, Hahn filed with the Common Pleas' motion court[3] (the trial court judge was presiding therein), a Petition to Enforce the OOR's Determination (Petition to Enforce) and a Notice of Pro Se Appearance.  On February 25, 2019, Hahn, *pro se*, presented a motion to consolidate this case with another OOR appeal pending with the trial court.  The trial court judge asked Hahn whether she had provided proper notice to opposing counsel before presenting her motion to the motion court, and whether Attorney Mutchler remained her counsel of record.  Hahn replied that she had not provided the appropriate notice to the Township's counsel and that she had no recent contact with Attorney Mutchler.  The trial court judge declined to entertain Hahn's motion to consolidate, and directed Hahn to provide the necessary notification to the Township's counsel and have Attorney Mutchler withdraw her appearance before Hahn presented her consolidation motion *pro se* a second time.

On February 28, 2019, Attorney Mutchler submitted a Petition to Withdraw her appearance, which the trial court granted.  On March 13, 2019, the Township presented a Motion to Strike Petition to Enforce (Township's Motion to

---

[2] Hahn and Kirstan Tervo (Tervo) retained Attorney Mutchler to represent them in the Township's appeal from the OOR's Final Determination.  There is no dispute that Tervo agreed to the Discontinuance.  Tervo did not join in Hahn's Motion to Strike.

[3] This Opinion references Common Pleas to differentiate it from the trial court that heard the evidentiary hearing.

3

Strike) in the motion court (this time before a different presiding judge). The Township argued that Hahn's Petition to Enforce should be stricken because the settlement agreement, memorialized by the Praecipe to Discontinue, had been concluded by Hahn's attorney with Hahn's consent. Hahn challenged the validity of the Praecipe to Discontinue by asserting that Attorney Mutchler did not have her permission to enter into a settlement agreement in June 2018, and further offered to provide the presiding judge written copies of her email correspondence with Attorney Mutchler to substantiate that claim. The presiding judge declined to accept Hahn's emails on the basis that doing so would violate the attorney-client privilege and, after concluding the hearing and taking the matter under advisement, transferred the decision on the Township's Motion to Strike to the trial court judge.

On March 19, 2019, the trial court issued an order that granted the Township's Motion to Strike, and struck Hahn's Petition to Enforce from the record with prejudice, on the basis that the trial court lacked any jurisdiction to proceed under Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, because the Praecipe to Discontinue was entered on June 25, 2018, thereby divesting the trial court of jurisdiction on July 25, 2018, nearly seven months before Hahn filed her Petition to Enforce. On April 18, 2019, Hahn filed a Petition for Permission to Appeal *Nunc Pro Tunc* (Petition) with the Commonwealth Court. The Commonwealth Court treated Hahn's Petition as a notice of appeal from the trial court's March 19, 2019 order.

On May 14, 2019, the Township filed a Motion to Quash Hahn's appeal with the trial court, which the trial court denied. Thereafter, the trial court directed Hahn to perfect her appeal in accordance with Pennsylvania Rule of Appellate Procedure (Rule) 904 (relating to the content of a notice of appeal), and file a Concise Statement of Errors Complained of on Appeal, pursuant to Rule 1925(b) (Rule 1925(b) Statement). On May 31, 2019, Hahn's then-counsel, Frank G.

Verterano, Esquire (Attorney Verterano), filed a Praecipe for Entry of Appearance on Hahn's behalf and submitted a corrected notice of appeal. On June 5, 2019, Hahn, through Attorney Verterano, filed her Rule 1925(b) Statement.[4]

On March 2, 2020, this Court affirmed in part and reversed in part the trial court's order. *See Wilmington Twp. v. Hahn* (Pa. Cmwlth. No. 457 C.D. 2019, filed Mar. 2, 2020). In particular, this Court affirmed the trial court's order to the extent it granted the Township's Motion to Strike, but reversed the order to the extent it struck Hahn's Petition to Enforce with prejudice. *See id*. This Court remanded the matter to the trial court and directed the trial court to permit Hahn to file a new motion seeking to strike the discontinuance, and to hold an evidentiary hearing to resolve any factual disputes raised therein. *See id*.

**Facts**

On April 3, 2020, Hahn filed the Motion to Strike. On July 24, 2020, Attorney Mutchler filed a Motion to Intervene (Intervention Motion). On September 8, 2020, the trial court held a hearing on the Intervention Motion. On September 15, 2020, the trial court granted Attorney Mutchler's Intervention Motion. On October 22, 2020, Hahn presented in the motion court a Motion for Sanctions against the Township, the Township's counsel, and Attorney Mutchler. The trial court directed the Motion for Sanctions to be heard the same day as the Motion to Strike. On October 27, 2020, the trial court held an evidentiary hearing on the Motion to Strike. Immediately thereafter, Hahn withdrew her Motion for Sanctions. On December 8, 2020, the trial court denied the Motion to Strike. On February 2, 2021, Hahn appealed to this Court.[5] On February 3, 2021, the trial court directed Hahn to file a

---

[4]Attorney Verterano represented Hahn from May 31, 2019 to July 12, 2020.

[5] Due to the Prothonotary's failure to provide Hahn notice of the trial court's December 8, 2020 order, Hahn filed her appeal *nunc pro tunc* on February 2, 2021. The Township filed a

5

Rule 1925(b) Statement. Hahn timely filed her Rule 1925(b) Statement. On March 16, 2021, the trial court filed its opinion pursuant to Rule 1925(a).

**Discussion**

At the outset, a review of Hahn's brief reveals that Hahn mistakenly conflates the Township's OOR appeal with the remand proceedings before the trial court, and currently before this Court. The issue before the trial court in the instant matter was whether Hahn was entitled to have the Praecipe to Discontinue stricken based on Attorney Mutchler's alleged agreement to a settlement without Hahn's authorization. However, in her briefs filed with this Court in this matter, Hahn repeatedly and erroneously refers to her RTKL request, the OOR's Final Determination, and the statutory nature of her appeal therefrom.

> The controlling question in this case is whether the [trial] court erred in denying [the Motion to Strike]. The general rule with respect to discontinuance is contained in [Pennsylvania Rule of Civil Procedure (Civil Rule)] 229:
>
> > (a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before the commencement of the trial.
> >
> > (b) A discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties.
> >
> > (c) **The court**, upon petition and after notice, **may strike off a discontinuance order to protect the rights of any party from unreasonable inconvenience**, **vexation**, **harassment**, **expense or prejudice**.

Motion to Quash the appeal. After a hearing, the trial court denied the Township's Motion to Quash, and treated Hahn's appeal as if it had been filed on December 8, 2020.

6

[Pa.R.Civ.P. 229.]

[Civil Rule 229] reflects the longstanding practice in Pennsylvania, which was well described in *Consolidated National Bank v. McManus*, . . . 66 A. 250 ([Pa.] 1907). In *McManus*, the plaintiff entered a discontinuance, the defendant filed a rule to show cause why it should not be stricken, and the court discharged the rule. We characterized this as "equivalent to a grant of leave." *Id*. . . . at 250. Prior thereto, [the Pennsylvania Supreme Court] explained:

> A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance. This was stated to be the established practice as long ago as 1843, in *Schuylkill Bank v. Macalester*, 6 Watts & S. 147 [(1843)], where it is said per curiam: ["]All the cases show that a discontinuance must be founded on the express or implied leave of the court. In England this leave is obtained on motion in the first instance, and here it is taken without the formality of an application, but subject to be withdrawn on cause shown for it; that is the[] whole difference.["] The causes which will move the court to withdraw its assumed leave and set aside the discontinuance are addressed to its discretion, and usually involve some unjust disadvantage to the defendant or some other interested party, such as a surety.

[*McManus*, 66 A.] at 250. It is apparent, then, that **the question is the same whether it is placed before the court by the plaintiff requesting express leave to discontinue or by the defendant seeking to have a discontinuance stricken**. Moreover, **it is clear that the question is addressed to the court's discretion**.

*Fancsali v. Univ. Health Ctr. of Pittsburgh*, 761 A.2d 1159, 1161-62 (Pa. 2000) (emphasis added; footnote omitted).

> **When the trial court reaches a conclusion calling for the exercise of its discretion**, **the party complaining on appeal has a heavy burden**. It is not sufficient to persuade the appellate court that it might have reached a

different conclusion under the same factual situation. "**An abuse of discretion is not merely an error of judgment**, **but if in reaching a conclusion the law is overridden or misapplied**, **or the judgment exercised is manifestly unreasonable**, **or the result of partiality**, **prejudice**, **bias or ill-will**, as shown by the evidence or the record, **discretion is abused**." *Paden v. Baker Concrete Constr.*, . . . 658 A.2d 341, 343 ([Pa.] 1995) (quoting *Mielcuszny . . . v. Rosol*, . . . 176 A. 236[, 237] ([Pa.] 1934)).

*Fancsali*, 761 A.2d at 1162 (emphasis added).

Hahn first argues that the trial court erred as a matter of law when it failed to develop a factual record as to the alleged settlement, Hahn's delay in seeking to strike the discontinuance, and the Township's alleged prejudice in pursuing its claim if the underlying matter is reinstated. However, the record belies this argument.

The trial court held an evidentiary hearing in this matter on October 27, 2020, at which Hahn had the opportunity to, and in fact did, present witnesses and documentary evidence, cross-examine witnesses (Hahn appeared *pro se*), and present an opening and closing statement. Specifically, Hahn gave a lengthy opening statement. *See* Transcripts of Testimony (Filing) at 50-53;[6] Notes of Testimony Oct. 27, 2020 (N.T.) at 6-9. Further, Hahn presented the testimony of Attorney Verterano, who she questioned on direct examination, *see* Filing at 54-86; N.T. at 10-42, and on redirect examination. *See* Filing at 99-101; N.T. at 55-57. In addition, Hahn cross-examined Attorney Mutchler. *See* Filing at 152-191; N.T. at 108-147. Finally, Hahn presented a closing statement. *See* Filing at 199-201; N.T. at 155-157.

---

[6] The Motion to Strike hearing transcript was not included in the Reproduced Record, but was included in a separate filing that contained the notes of testimony of three hearings. Because the pages therein are not numbered, the page numbers referenced herein reflect electronic pagination.

The following interaction transpired immediately prior to Hahn's closing statement:

> THE [TRIAL] COURT: Okay. Okay, the [trial c]ourt will close the record, then, on the issue of the discontinuance. I'm going to hear from counsel, [] [] and Hahn . . . .
>
> So, [] Hahn, what -- as far as closing comments on the discontinuance issue, is there anything that's not been covered? What -- your legal argument.
>
> [] HAHN: Well, I --
>
> THE [TRIAL] COURT: Specifically on the discontinuance.
>
> [] HAHN: On the discontinuance, **part of the remand** [] **from the Commonwealth** [**Court**] **was for me to explain why it took so long**. Is that [. . . .]
>
> THE [TRIAL] COURT: Explain, yeah. **You haven't presented anything** [**i**]**n that regard**. That was the -- as part of that was why was there [sic] the delay in - in doing anything.
>
> [] HAHN: So I had submitted on July 27th - or sorry, 24th the exhibits marked D[-]1 through D-4 [(Supplemental Filing)].
>
> THE [TRIAL] COURT: What do you mean you submitted them?
>
> [] HAHN: I submitted them as an attachment to my [S]upplemental [F]iling with my confidential e-mail correspondence with the other attorneys that I spoke with in between July -- or June 25th and when I ended up hiring Attorney Verterano.
>
> THE [TRIAL] COURT: That was this summer?
>
> [] HAHN: It was between -- it was in 2018. I spoke with numerous attorneys about the situation and consulted with them as their legal expertise as how to proceed, and so I submitted that to the [trial c]ourt for you to review *in*[] *camera* so that you were aware that I did have

9

conversations with other attorneys. They had different ideas or just didn't think I could continue. Some felt there was [a] conflict of interest, but I did present that to you, that I did try to find other legal representation.

THE [TRIAL] COURT: Well, **you didn't present anything like that when it was your time to present your evidence**.

[] HAHN: Those are attorney/client privilege, and **I do not want to read my conversations with those attorneys**. That's why I provided them to the [trial c]ourt *in*[]*camera*, so that you could see my reasons and why it took so long for me to file.

THE [TRIAL] COURT: The [trial c]ourt has not reviewed those, because we never do anything like that[.]

[] HAHN: Okay. Well, as far as the Commonwealth Court, I just want to note [. . . . ]

THE [TRIAL] COURT: [a]t an evidentiary hearing, which is what we have today.

[] HAHN: I wanted to note for the record that I did submit *in*[]*camera* records for you to review.

So another issue that the Commonwealth Court felt needed to be addressed, and was also in your order, was the prejudice to the [T]ownship. If this [M]otion to [S]trike were [sic] accepted -- granted, whether or not the [T]ownship would be prejudiced, and as I -- as I said in my brief before, the striking of that discontinuance just brings back to life the [T]ownship's initial [P]etition for [] [R]eview of [the OOR's] [Final Determination]. So they are not prejudiced in any way.

So my closing arguments, there is nothing in this e-mail correspondence with Attorney Mutchler that shows either attorney -- either [Kirstan] Tervo or myself gave Attorney Mutchler expressed authority to settle for less than what the [OOR] had allowed.

10

Filing at 197-199; N.T. at 153-155 (italics and emphasis added). Thereafter, Hahn continued her closing statement regarding the Motion to Strike. *See* Filing at 199-201; N.T. at 155-157.

> The Pennsylvania Supreme Court has explained:
>
> Under Pennsylvania law, *pro se* [**litigants**] **are subject to the same rules of procedure as are represented** [**litigants**]. *See Commonwealth v. Williams*, . . . 896 A.2d 523, 534 ([Pa.] 2006) (*pro se* [litigants] are held to same standards as licensed attorneys).
>
> Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* **status confers no special benefit upon a litigant**, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

*Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (emphasis added).

A review of the record reveals that the trial court did, in fact, develop a factual record as to Hahn's authorization of the alleged settlement. Concerning Hahn's delay in seeking to strike the discontinuance, and the Township's alleged prejudice in pursuing its claim if the underlying matter was reinstated, the failure to develop a record was the result of Hahn's lack of legal knowledge. Rather than present evidence regarding the reason for her delay in filing the Motion to Strike, Hahn filed a Supplemental Filing containing privileged documents in the trial court expecting the trial court judge to review them. In addition, instead of presenting evidence regarding the Township's prejudice, Hahn merely submitted argument. Accordingly, the failure to develop a factual record as to Hahn's delay in seeking to strike the discontinuance and the Township's alleged prejudice in pursuing its claim if the underlying matter is reinstated was due to Hahn's case presentation. Because "*pro se* [litigants] are subject to the same rules of procedure as are represented

11

[litigants]," and "*pro se* status confers no special benefit upon a litigant," the trial court did not err in this regard. *Blakeney*, 108 A.3d at 766.

Hahn next asserts that the trial court erred as a matter of law and abused its discretion by allowing Attorney Mutchler to intervene in the underlying statutory appeal[7] because Attorney Mutchler had no legally enforceable interest.

Civil Rule 2327 provides, in relevant part:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

. . . .

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.Civ.P. 2327.

Civil Rule 2329 mandates:

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, **the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention**; but an application for intervention may be refused, if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly

---

[7] The *underlying statutory appeal* was the Township's appeal from the OOR's Final Determination, wherein Attorney Mutchler represented Hahn. The current matter is Hahn's appeal from the trial court's denial of Hahn's Motion to Strike. Hahn is clearly referencing Attorney Mutchler's intervention in the Motion to Strike.

12

delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.Civ.P. 2329 (emphasis added).

This Court has held that a grant of intervention is mandatory where the intervenor satisfies one of the four bases set forth in [Civil] Rule [] 2327 unless there exists a basis for refusal under [Civil] Rule [] 2329. [The Court] reasoned as follows:

Considering [Civil] Rules 2327 and 2329 together, the effect of [Civil] Rule 2329 is that *if the petitioner is a person within one of the classes described in [Civil] Rule 2327, the allowance of intervention is mandatory, not discretionary, unless one of the grounds for refusal under [Civil] Rule 2329 is present.* Equally, if the petitioner does not show himself to be within one of the four classes described in [Civil] Rule 2327, intervention must be denied, irrespective of whether any of the grounds for refusal in [Civil] Rule 2329 exist. Thus, **the court is given the discretion to allow or to refuse intervention only where the petitioner falls within one of the classes enumerated in [Civil] Rule 2327** *and* **only where one of the grounds under [Civil] Rule 2329 is present** which authorizes the refusal of intervention.

*Larock v. Sugarloaf* [*Twp.*] *Zoning Hearing* [*Bd.*], 740 A.2d 308, 313 (Pa. Cmwlth. 1999) (internal citations omitted and emphasis added).

*Allegheny Reprod. Health Ctr. v. Pa. Dep't of Hum. Servs.*, 225 A.3d 902, 908 (Pa. Cmwlth. 2020) (bold emphasis added).

Here, the trial court

granted [Attorney] Mutchler's [Intervention Motion] because her professional license and reputation would almost certainly have been impacted by an adverse finding at the October 27, 2020 evidentiary hearing, such that her ability to practice law would have been jeopardized. At the time of granting intervention, the [trial c]ourt had concerns that the evidentiary hearing on the settlement

13

> agreement would be a *de facto* hearing on allegations of legal malpractice or ethical misconduct, and therefore believed that [Attorney] Mutchler should have the fullest possible opportunity to defend herself.

Reproduced Record (R.R.) at 189a; Trial Ct. Rule 1925(a) Op. at 12. This Court discerns no error in the trial court's reasoning.

Attorney Mutchler's professional license and reputation is undoubtedly a legally enforceable interest. Further, the determination on the Motion to Strike could potentially subject Attorney Mutchler to a legal malpractice claim. *See Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick*, 587 A.2d 1346, 1348 (Pa. 1991) (wherein, after an evidentiary hearing, a trial court determined that **appellees agreed to the settlement**, the appellees sued their attorney for legal malpractice, and the Pennsylvania Supreme Court held that it "will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement **to which that plaintiff agreed**, unless that plaintiff can show he was fraudulently induced to settle the original action." (emphasis added)). Accordingly, because its determination of the Motion to Strike may affect Attorney Mutchler's legally enforceable interest, the trial court did not err or abuse its discretion by granting Attorney Mutchler's Intervention Motion.

Hahn next argues that the trial court erred as a matter of law and abused its discretion by holding her to a strict evidentiary requirement to submit critical material evidence into the record during an RTKL appeal hearing.[8] Specifically, Hahn contends that the trial court erred by precluding her from presenting Simon Campbell (Campbell) as a witness, and by refusing to admit her Supplemental Filing into the record.

---

[8] The evidentiary hearing was not regarding the RTKL matter. It was a hearing on Hahn's Motion to Strike. Notwithstanding, Hahn devoted half of her argument in her brief to this Court on this issue to the burden of proof and rules of evidence in administrative agency cases and under the RTKL. *See* Hahn Br. at 24-27.

14

The trial court began the evidentiary hearing as follows:

> THE [TRIAL] COURT:  Okay, good afternoon.  We're here for the hearing on [] Hahn's [M]otion to [S]trike [].  She's the moving party in the case, so we'll ask that, [] Hahn, if you'd care to call your first witness.
>
> . . . .
>
> [] HAHN:  Your Honor, I -- good morning.  My first witness is [] Campbell.  Has he connected through the Zoom meeting yet?
>
> THE [TRIAL] COURT:  First of all, what relevance does he even have to the [M]otion to [S]trike . . . ?  We're doing that hearing first.
>
> [] HAHN:  Okay.  Your last e-mail to me instructed that they be heard concurrently.
>
> THE [TRIAL] COURT:  Right, but we're going to start with the [M]otion to [S]trike . . . .
>
> [] HAHN:  Okay.  So we'll wait until later, then, to call him?
>
> THE [TRIAL] COURT:  When the time comes, I'll permit you to call him.
>
> [] HAHN: Okay.  Very good. . . .

Filing at 47-48; N.T. at 3-4.

At the end of the Motion to Strike hearing, the following interchange occurred:

> THE [TRIAL] COURT:  . . . .  The [trial c]ourt will take the matter of the [Motion to Strike] under advisement.  We are going to have a very short presentation on the issue . . . [] Hahn asked to present in [m]otion [c]ourt on last Thursday, I believe it was, a -- a [M]otion for [S]anctions.  As a [m]otion [c]ourt procedure, we're not taking evidence.  I'll hear, [] Hahn, what your -- the basis for your argument is relative to a [M]otion for [S]anctions and other relief.  I'll hear from [. . . .]

15

[] HAHN:  At this time, I'd like to withdraw my [M]otion for [S]anctions.

THE [TRIAL] COURT:  Very well.

Filing at 207; N.T. at 163.

Nonetheless, Hahn maintains in her brief:

The [trial c]ourt did not allow [Hahn] to present her Motion for Sanctions "concurrently" as instructed prior to the evidentiary hearing.  Instead, [Hahn] wasn't permitted to present her arguments of bad faith to support her Motion for Sanctions until the last few minutes of the four (4)[-]hour hearing which ended at 5:30 P[.]M[.]; an hour and a half after the courthouse had closed.

Hahn Br. at 28.

This Court ordered the evidentiary hearing on the Motion to Strike. Hahn filed the Motion for Sanctions subsequent thereto.  The trial court scheduled them to be heard on the same day for the parties' and Attorney Mutchler's convenience.  Specifically, Attorney Mutchler requested:

For logistics and judicial economy, I would ask that the [trial c]ourt hear this matter on [] Hahn's [M]otion for [S]anctions **at the conclusion of the evidentiary hearing** established for October 27, 2020, when all the parties will be present.  I am currently out of state on a matter until Sunday when I will be returning.

R.R. at 67a (emphasis added).  The trial court subsequently directed:

After considering the issues raised by Attorney Mutchler of judicial economy and logistics by having two separate proceedings in the span of less than a week, [the trial court] has decided that [] Hahn's Motion for Sanctions . . . will be heard concurrently with the Motion to Strike at the hearing on October 27, 2020.  The parties are directed to have their witnesses, evidence, and arguments ready regarding both motions for October 27, 2020.

16

R.R. at 66a. The two matters were not meant to be tried together, as they were separate motions. Hahn had an opportunity to argue her Motion for Sanctions at the conclusion of the Motion to Strike, but instead chose to withdraw her Sanctions Motion.

Relative to Hahn's assertion that she was precluded from entering her Supplemental Filing into evidence, as discussed *supra*, Hahn never presented the Supplemental Filing at the hearing. Rather, she filed it with the trial court before the hearing, expecting the trial court to review it *in camera*, and never presented it during the hearing requesting that it be entered into evidence. Accordingly, the trial court did not err by precluding Hahn from presenting Campbell as a witness, and by refusing to admit her Supplemental Filing into the record.

Finally, Hahn argues that the trial court erred as a matter of law and abused its discretion by allowing the Township's Praecipe to Discontinue to remain in full force and effect, when the Township failed to release records as directed by the OOR's Final Determination. Specifically, Hahn contends: "**Assuming**, *arguendo*, that [**Hahn**] **is successful in striking the discontinuance** of the Township's [March 22, 2018 appeal to the trial court], the underlying Final Determination has not been examined by a reviewing court, nor has [Hahn] been afforded the opportunity to respond to the Petition for [Judicial] Review." Hahn Br. at 32 (emphasis added). Because the trial court denied Hahn's Motion to Strike, and this Court has no reason to disturb the trial court's order, there is nothing for this Court to address.

## Conclusion

Based on a review of the record, this Court concludes that the trial court did not "overrid[e] or misappl[y the law], or [exercise] judgment [that] is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[.]" *Fancsali*, 761

17

A.2d at 1162 (quoting *Paden*, 658 A.2d at 343).  Accordingly, the trial court did not "abuse[]" its "discretion" by denying Hahn's Motion to Strike.  *Id*.  For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge


Judges Fizzano Cannon and Wallace did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wilmington Township            :
:
          v.               :
:
Carrie Hahn,               :
            Appellant     :
:
          v.               :
                     :   No. 158 C.D. 2021
Terry Mutchler, Esq.      :

## O R D E R

AND NOW, this 12th day of May, 2022, the Lawrence County Common Pleas Court's December 8, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge